UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

TODD KELVIN WESSINGER (#383747)

VERSUS                                            CIVIL ACTION

BURL CAIN, ET AL                                  NUMBER 04-637-JJB-SCR

RULING ON REQUEST FOR DEPOSITION

Again before the court is the Respondent's Request for Discovery Deposition of Habeas Corpus Petitioner. Record document number 65. The motion is opposed.[1]

Respondent sought to depose the petitioner in connection with allegations made in his counseled habeas corpus application. Petitioner made multiple claims of ineffective assistance of counsel during the pretrial, guilt and penalty phase of his trial. These claims placed his attorney's performance and strategic decisions at issue.

An order was entered granting the respondent's request to depose the petitioner.[2] Petitioner then filed a memorandum opposing the deposition. This motion was referred back to the magistrate judge to consider the petitioner's opposition to the

---

[1] Record document number 68.

[2] Record document number 66.

motion.³

Petitioner opposed the motion to depose him on the grounds that the motion is premature, there is no contested issue of fact that can be resolved by his testimony, and because compelling the his deposition would infringe on his Sixth Amendment attorney-client privilege and his Fifth Amendment privilege.

## Analysis

Rule 6(a), Rules Governing Section 2254 Cases provides that "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery."

Rule 26(b)(1) defines the scope of discovery:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . .  For good cause, the court may order discovery of any relevant to the subject matter involved in the action.

In a habeas corpus case, discovery must relate solely to a specifically alleged factual dispute, not to a general allegation. *Clark v. Johnson*, 202 F.3d 760, 767 (5th Cir.), *cert. denied,* 531 U.S. 831, 121 S.Ct. 84, 148 L.Ed.2d 46 (2000).  Rule 6 does not authorize "fishing expeditions."  *Ward v. Whitley*, 21 F.3d 1355, 1367 (5th Cir. 1994).

---

³ Record document number 71.

**A. Prematurity**

Petitioner argued that because he has not yet filed a "final" amended petition, the motion is premature.  Petitioner argued that the respondent should not be allowed to engage in discovery until a final amended petition is filed.

A review of the record showed that the petitioner filed an original and an amended petition.[4]  Respondent filed an answer and supporting memorandum.[5]  Petitioner's prematurity argument, based on his stated intention to amend his petition, does not warrant prohibiting discovery at this time.  There is no basis to assume that the petitioner will be granted leave to file a second amendment to his habeas corpus application.  This will depend on what amendments he proposes, and whether the amendments constitute new claims rather than refinements of existing claims.

**B. No Contested Issue of Fact**

Petitioner argued that he should not be deposed because the alleged omissions by trial counsel cannot credibly be attributed to any communication by the petitioner.  Petitioner argued that any communication between him and his trial counsel is irrelevant because counsel had a duty to investigate regardless of the content of the communication.

To obtain habeas relief based upon a claim of ineffective

---

[4] Record document numbers 1 and 38.

[5] Record document numbers 47 and 48.

assistance of counsel, the petitioner must show "that counsel's performance was deficient" and "that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064 (1984). To prove deficient performance the petitioner must demonstrate that counsel's actions "fell below an objective standard of reasonableness." *Id.*, at 688, 104 S.Ct. at 2064. To prove prejudice, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id.* at 694, 104 S.Ct. at 2068, and that "counsel's deficient performance render[ed] the result of the trial unreliable or the proceeding fundamentally unfair." *Lockhart v. Fretwell*, 506 U.S. 364, 372, 113 S.Ct. 838, 844 (1983).

In a case asserting an ineffective assistance of counsel claim, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgment. *Strickland v. Washington*, 466 U.S. 668, 691, 104 S.Ct. 2052, 2066, 80 L.Ed.2d 674 (1984).

In *Strickland*, the Court held:

> The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions. Counsel's actions are usually based, quite properly, on informed strategic choices made by the defendant and on information supplied by the defendant. In particular, what investigation decisions are reasonable depends critically on such information. For example, when the facts that support a certain

4

>  potential line of defense are generally known to counsel because of what the defendant has said, the need for further investigation may be considerably diminished or eliminated altogether.  And when a defendant has given counsel reason to believe that pursuing certain investigations would be fruitless or even harmful, counsel's failure to pursue those investigations may not later be challenged as unreasonable.  In short, inquiry into counsel's conversations with the defendant may be critical to a proper assessment of counsel's investigation decisions, just as it may be critical to a proper assessment of counsel's other litigation decisions.

*Id.*

As a general proposition, an inquiry into the petitioner's conversations with trial counsel may be critical to a proper assessment of counsel's investigation decisions.

However, nowhere in the respondent's answer to the petitioner's ineffective assistance of counsel claims is there any indication that the petitioner's trial counsel based any strategic trial decision on information provided by the petitioner.  Nor does the answer assert, or even infer, that any of trial counsel's strategic trial decisions were made after consulting with the petitioner, informing him of counsel's proposed course of action, or communicating with the petitioner in any way.  Respondent did not identify in the answer or this motion any specific factual dispute regarding the petitioner's ineffective assistance of counsel claims about which the petitioner is likely to have relevant information.

**C. Attorney-Client Privilege**

Petitioner argued that the attorney-client privilege precludes the respondent from deposing him.

It is well settled that habeas corpus is a civil proceeding. *Browder v. Director Dept. Of Corrections of Illinois*, 434 U.S. 257, 269, 98 S.Ct. 556, 563, 54 L.Ed.2d 521 (1978).

The attorney-client privilege is intended to encourage "full and frank communications between attorneys and their clients and thereby promote broader public interests in the observance of law and the administration of justice." *Upjohn Co. V. United States*, 449 U.S. 383, 389, 101 S.Ct. 677, 682, 66 L.Ed.2d 584 (1981). However, a client implicitly waives the attorney-client privilege by putting the attorney's performance at issue during subsequent litigation. *Hunt v. Blackburn*, 128 U.S. 464, 9 S.Ct. 125, 32 L.Ed. *see In re Lott*, 424 F.3d 446, 452-53 (6th Cir. 2005); *Livingstone v. North Belle Vernon Borough*, 91 F.3d 515, 537 (3d Cir. 1996).

Petitioner has clearly placed trial counsel's performance at issue by asserting ineffective assistance of counsel claims. Petitioner waived the attorney-client privilege regarding those claims.

**D. Privilege Against Self-incrimination**

Petitioner argued that the privilege against self-incrimination precludes the respondent from deposing him.

The Fifth Amendment provides that no person "shall be

6

compelled in any criminal case to be a witness against himself." U.S. Const. amend. V.  The protection precludes an individual from being called involuntarily as a witness in a criminal prosecution and "also privileges him not to answer official questions put to him in any other proceeding, civil or criminal, formal or informal, where the answers might incriminate him in future criminal proceedings."  *Lefkowitz v. Turley*, 414 U.S. 70, 77, 94 S.Ct. 316, 322, 38 L.Ed.2d 274 (1973) (*citing McCarthy v. Arndstein*, 226 U.S. 34, 40, 45 S.Ct. 16, 17, 69 L.Ed. 158 (1924)).  The availability of the privilege does not turn upon the type of proceeding in which its protection is invoked, but upon the nature of the statement or admission and the exposure which it invites.  *Application of Gault*, 387 U.S. 1, 49, 87 S.Ct. 1428, 1455, 18 L.Ed.2d 527 (1967).  The privilege may be claimed in a civil or administrative proceeding, if the statement is or may be inculpatory.  *Id*.

   Petitioner has not shown that a blanket invocation of the Fifth Amendment privilege is warranted.  Although the respondent has not shown good cause to depose the petitioner at this time, it seems improbable that a truthful answer to every question he could be asked, relevant to his claims of ineffective assistance of counsel, would tend to incriminate him.  If a deposition of the petitioner is allowed, he may assert his Fifth Amendment right against self-incrimination in response to specific questions.  If he does, the respondent may then move to compel him to answer.

**Conclusion**

Respondent has not shown good cause to depose the petitioner.

Accordingly, the Respondent's Request for Discovery Deposition of Habeas Corpus Petitioner is denied.

Baton Rouge, Louisiana, January 15, 2009.

*Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE