UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


TODD KELVIN WESSINGER (#383747)

VERSUS                                       CIVIL ACTION

BURL CAIN, ET AL                             NUMBER 04-637-JJB-SCR

### RULING ON MOTION FOR DISCOVERY

Before the court is Petitioner Wessinger's Motion for
Discovery.   Record document number 69.   The motion is opposed.[1]

Petitioner's first motion for discovery[2] was denied as overly
broad, but without prejudice to being refiled.[3]   This is the
petitioner's refiled motion.   Petitioner has not materially
narrowed his over-broad discovery requests from the first motion.

**Applicable Law**

Rule 6(a), Rules Governing Section 2254 Cases provides that
"[a] judge may, for good cause, authorize a party to conduct
discovery under the Federal Rules of Civil Procedure and may limit
the extent of discovery."   Good cause may be found when a petition
for habeas corpus relief "establishes a prima facie claim for
relief."   *Murphy v. Johnson*, 205 F.3d 809, 814 (5th Cir. 2000).

---

[1] Record document number 73.

[2] Record document number 65.

[3] Record document number 67.

However, a petitioner's factual allegations must be specific, as opposed to merely speculative or conclusory, to justify discovery under Rule 6.  *Id*.

Rule 26(b)(1) defines the scope of discovery:

Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . .  For good cause, the court may order discovery of any relevant to the subject matter involved in the action.

In a habeas coprus case, discovery must relate solely to a specifically alleged factual dispute, not to a general allegation. *Clark v. Johnson*, 202 F.3d 760, 767 (5th Cir.), *cert. denied,* 531 U.S. 831, 121 S.Ct. 84, 148 L.Ed.2d 46 (2000).  Rule 6 does not authorize "fishing expeditions."  *Ward v. Whitley*, 21 F.3d 1355, 1367 (5th Cir. 1994).

**Analysis**

Petitioner's motion for discovery is a fishing expedition. The exceedingly broad scope of the discovery he seeks supports the conclusion that he seeks discovery for the purpose of investigating every aspect of his prosecution, including everyone even remotely connected to it, rather than for the purpose of resolving a specific factual dispute relevant to a claim for relief. Petitioner has not shown good cause to allow such extensive, overbroad and unreasonable discovery.

## A. *Brady* Claim

In his habeas corpus application,[4] the petitioner argued that the State failed to turn over exculpatory evidence. Specifically, the petitioner argued that the State failed to produce the following material exculpatory evidence: (1) Eric Armentor's November 19, 1995 statement made to police at the scene; (2) Eric Armentor's November 22, 1995 taped statement; (3) Alvin Rick's November 19, 1995 taped statement; (4) Alvin Rick's 911 telephone call; (4) Eric Mercer's November 19, 1995 statement to police; (5) Willie Grigsby's November 19, 1995 statement to police; (6) Tilton Brown's November 29, 1995 statement to police; (7) Tilton Brown's criminal records; and (8) Randolph Harden's plea agreement.

Petitioner argued that: the statements of Armentor, Ricks and Grigsby contradict their trial testimony; Mercer's statement provided a potential lead of alternate suspects; Brown's statement was false and nothing more than a regurgitation of neighborhood gossip, and Brown's criminal records consisting of a conviction on two counts of failure to identify, criminal trespass, evading arrest or detention and theft would have decisively undermined his credibility; and, at trial the State argued that Harden received nothing for his testimony even though Harden's plea agreement contained a provision which required Harden to cooperate with the

---

[4] References to the petitioner's "application" or "petition" include the original petition, record document number 1, and his Incomplete First Amended Petition, record document number 38.

investigation.

Petitioner sought the production of myriad documents in conjunction with his claim pursuant to *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

### Request 1.

In request for production of documents number 1, the petitioner sought the production of documents related to any fraud or theft investigation regarding the use of Stephanie Guzzardo's Capital One credit card following her death.[5]

Petitioner's application does not include a *Brady* claim related to the use of Guzzardo's credit card. The apparent purpose

---

[5] Specifically, the petitioner sought the production of: [A]ny and all information regarding the use of Ms. Guzzardo's credit card, and the dissemination of information between and among law enforcement regarding the use of Ms. Guzzardo's credit card. This request includes, but is not limited to : a) any documents, notes, electronic media, or other material of any sort related to fraud or theft investigations conducted by local, state or federal authorities anywhere in the United States, by Capital One, by banking regulators, or by any other entity; b) notes, memos, audio or video tapes, electronic media or any other materials regarding the discussion of this matter, knowledge of this matter, or investigation into this matter by any agent of the State of Louisiana, including but not limited to local or state police, crime investigators, prosecutors, fraud investigators, banking regulators, consumer protection officials or other government employees, or any other person formally or informally acting on behalf of, or in conjunction with, or under the direction of, or with the encouragement of, such officials or their employees.
Record document number 69, p. 10.

4

the requested discovery is to obtain information from which the petitioner may be able to allege an additional *Brady* claim.   The discovery request does not relate to a specifically alleged factual dispute regarding an existing claim.   Accordingly, the petitioner's motion for the production of documents identified in request for production of documents number 1 regarding his *Brady* claim is denied.

**Request 2.**

In request for production of documents number 2, the petitioner sought the production of the results of a CODIS or other fingerprint database search regarding the latent fingerprints found on the magazine of the murder weapon.   Petitioner also requested that the state be required to conduct a CODIS search if one was not already done.

Again, the petitioner's application does not include a *Brady* claim related to withholding the results of a CODIS search.   The apparent purpose the requested discovery is to obtain information from which the petitioner may be able to allege another *Brady* claim.   The discovery request does not relate to a specifically alleged factual dispute regarding an existing claim.   Accordingly, the petitioner's motion for the production of documents identified in request for production of documents number 2 regarding his *Brady* claim is denied.

Insofar as the petitioner sought an order directing the State

to conduct a CODIS or other fingerprint database search regarding the latent fingerprints found on the magazine of the murder weapon, the motion is denied.  Petitioner has not shown that *Brady* requires the state to now conduct a CODIS search or other database search.

### Request 3.

In request for production of documents number 3, the petitioner sought the production of any Federal Bureau of Alcohol, Tobacco and Firearms (ATF) reports of any state, federal or other database record system trace conducted on the serial numbers of the two Lorcin .380 handguns collected and tested in relation to the petitioner's criminal case.  Petitioner also requested that the state be required to conduct an ATF trace if one was not already done.

The apparent purpose the requested discovery is to obtain information from which the petitioner may be able to allege another *Brady* claim.  The discovery request does not relate to a specifically alleged factual dispute regarding an existing claim. Accordingly, the petitioner's motion for the production of documents identified in request for production of documents number 3 regarding his *Brady* claim is denied.

Insofar as the petitioner sought an order directing the State to conduct a trace of the serial numbers of the two weapons through the ATF database, the motion is denied.  Petitioner has not shown

that *Brady* requires the state to now conduct an ATF database search.

### Request 4.

In request for production of documents number 4, the petitioner sought the production of any additional information about the vehicle referenced in Eric Mercer's November 19, 1995 statement to police.  Specifically, the petitioner sought any information about the vehicle, its occupants, any information about any alternative suspects, sightings of potential suspects or any other material indicating that someone other than the petitioner committed the offenses.

The discovery request does not relate to a specifically alleged factual dispute regarding the petitioner's *Brady* claim based on the state's failure to produce Mercer's November 19, 1995 statement.  Accordingly, the petitioner's motion for the production of documents identified in request for production of documents number 3 regarding his *Brady* claim is denied.

### Request 5.

In request for production of documents number 5, the petitioner sought the production of any notes, documents, reports, or any other materials in whatever form regarding contacts with Dallas police officers Berbin Smith and Sharon McCalob and the

participation of these or any other Dallas police officers in the investigation of the petitioner.

The apparent purpose the requested discovery is to obtain information from which the petitioner may be able to allege another *Brady* claim.    The discovery request does not relate to a specifically alleged factual dispute regarding an existing claim. Accordingly, the petitioner's motion for the production of documents identified in request for production of documents number 5 is denied.

### Request 6.

In request for production of documents number 6, the petitioner sought the production of the his entire file maintained by the Federal Bureau of Investigation (FBI) and any other documents not yet disclosed regarding the involvement of federal or state law enforcement in his apprehension and in the investigation of his case.

The apparent purpose the requested discovery is to obtain information from which the petitioner may be able to allege another *Brady* claim.    The discovery request does not relate to a specifically alleged factual dispute regarding an existing claim. Accordingly, the petitioner's motion for the production of documents identified in request for production of documents number 6 is denied.

**Request 7.**

In request for production of documents number 7, the petitioner sought the production of any information provided to law enforcement by Calendar's restaurant personnel, the names of persons employed by Calendar's restaurant at the time of the incident and the six months preceding the incident, employee schedules and reports of actual hours worked for the week preceding the incident, any employee manual, rule book, policy book or other protocol related to Calendar's restaurant policies regarding counting, storing and depositing cash, making bank deposits, and security at the back of the restaurant including rules or policies regarding the lock on the back door.

The apparent purpose the requested discovery is to obtain information from which the petitioner may be able to allege another *Brady* claim. The discovery request does not relate to a specifically alleged factual dispute regarding an existing claim. Also, the discovery request is clearly overbroad. Accordingly, the petitioner's motion for the production of documents identified in request for production of documents number 7 is denied.

**Request 8.**

In request for production of documents number 8, the petitioner sought the production of any and all notes, notebooks, or individual working files of other law enforcement officers,

investigators and prosecution agents, including but not limited to: Kent Furlow, Crawford Wheeler, Michael Thompson, J. Callahan, M. Brooks, Marcus Jung, Chad King, D. Busbin, Mike Vaughn, Mike McFarland, Jude Boudreaux, David Worley, Harold Williams, R. Brinkhuis, K. Anderson, C. Armstrong, Shawn Baxley, Steve Burregi, E. Coulter, Cosmo Giglio, D. Kelly, Edward McCarter, Berbin Smith, Sharon McCalob, Det. Navarro, and Mike Roberds.

The apparent purpose the requested discovery is to obtain information from which the petitioner may be able to allege another *Brady* claim.   The discovery request does not relate to a specifically alleged factual dispute regarding an existing claim. Also, the discovery request is overbroad.   Accordingly, the petitioner's motion for the production of documents identified in request for production of documents number 8 is denied.

### Request 9.

In request for production of documents number 9, the petitioner sought the production of any and all material prepared, developed, received of any protocols or guidelines concerning the conduct of visual identification procedures utilized by the East Baton Rouge District Attorney's office or the Baton Rouge Police Department, whether or not written or created by those agencies; and, clear photographic copies of the photo arrays and photographs used in the identification procedures conducted in this case.

The apparent purpose the requested discovery is to obtain information from which the petitioner may be able to allege another *Brady* claim.   The discovery request does not relate to a specifically alleged factual dispute regarding an existing claim. Also, the discovery request is overbroad.   Accordingly, the petitioner's motion for the production of documents identified in request for production of documents number 9 is denied.

**Request 10.**

In request for production of documents number 10, the petitioner sought the production of personnel files of any and all agents of the State involved in the investigation of the offense, the petitioner's apprehension, or in the preparation for trial. Petitioner sought all documents related to disciplinary matters including complaints by any named person or anonymous informant, allegations of disciplinary violations or breaches of the law, violations of department protocols or procedures, all complaints, internal reports, internal or external memoranda or correspondence, orders for internal investigations, findings or results of any internal investigation, and details of any reprimand, suspension, termination or other sanctioned imposed.

The apparent purpose the requested discovery is to obtain information from which the petitioner may be able to allege another *Brady* claim.   The discovery request does not relate to a

specifically alleged factual dispute regarding an existing claim. Also, the discovery request is overbroad. Accordingly, the petitioner's motion for the production of documents identified in request for production of documents number 10 is denied.

### Request 11.

In request for production of documents number 11, the petitioner sought the production of any and all immunity agreements and plea agreements with any witness or person having knowledge of the case, including Clarence Brown, Barney Wilson, Mary Wessinger, Sherlynn Wessinger, Tilton Brown and Randolph Harden, entered into by the State with regard to the petitioner's case or any other case involving the witness, including the dismissal of criminal proceedings against Horace Wessinger Jr.

In addition, the petitioner sought the production of any and all material, including internal memoranda and correspondence, in the possession of the State concerning any and all arrests and prosecution of Orscini Beard, any material concerning Beard's drug and alcohol abuse, any material concerning the disciplinary proceedings against Beard that resulted in his disbarment, NCIC report on Beard and any other material which reflects on Beard's fitness or otherwise to practice law or impairment by substance abuse including any and all documents in the possession of the Louisiana Attorney Disciplinary Board and the Office of

Disciplinary Counsel, and, any information concerning any plea bargains or offers to dismiss charges against Beard in exchange for consideration of kind.

Petitioner also sought the production of information regarding the award or offer of reward money to any person, whether from Calendar's Restaurant, the employer of the decedents, or other sources.

The apparent purpose the requested discovery is to obtain information from which the petitioner may be able to allege another *Brady* claim.   The discovery request does not relate to a specifically alleged factual dispute regarding an existing claim. Also, the discovery request is overbroad.   Accordingly, the petitioner's motion for the production of documents identified in request for production of documents number 11 is denied.

### Request 12.

In request for production of documents number 12, the petitioner sought the production of any and all material, documents, videos, audiotapes, prepared, developed, received, examined and/or maintained by the East Baton Rouge District Attorney's Office, or by any person operating under its direction or control, or on its behalf, that may be construed as being for the purpose of training personnel or agents of the District Attorney's office, the Baton Rouge Police Department or Sheriff's

office or other State agency and/or conveying the District Attorney's office policies to the same, about the disclosure of evidence requested in defense discovery motions in criminal cases.

The apparent purpose the requested discovery is to obtain information from which the petitioner may be able to allege another *Brady* claim. The discovery request does not relate to a specifically alleged factual dispute regarding an existing claim. Also, the discovery request is overbroad. Accordingly, the petitioner's motion for the production of documents identified in request for production of documents number 12 is denied.


### Request 13.

In request for production of documents number 13, the petitioner sought the production of any material which would tend to exculpate him, indicate the culpability of another, impeach the credibility or reliability of a prosecution witness or would tend to mitigate sentence including all impeachment material such as prior convictions of prosecution witnesses, all evidence of mental health problems or defects or mental illness of Clarence Brown, any evidence of drug use or dealing by Alvin Ricks, reports of crime occurring at Alvin Ricks' residence (the Staring Lane Motel, Staring Lane, Baton Rouge, Louisiana) between 1995-1997, any evidence that Ricks received lenient treatment regarding any criminal charge for his testimony in this case, and any deals or

14

incentives offered or accepted by any witness in exchange for his testimony.

The apparent purpose the requested discovery is to obtain information from which the petitioner may be able to allege another *Brady* claim.   The discovery request does not relate to a specifically alleged factual dispute regarding an existing claim. Also, the discovery request is overbroad.   Accordingly, the petitioner's motion for the production of documents identified in request for production of documents number 13 is denied.

### B. Ineffective Assistance of Counsel Claim

In his application, the petitioner argued that his trial counsel was ineffective during the guilt phase of trial when he failed to: (1) investigate the circumstances surrounding the crime, witnesses' backgrounds, and witnesses' prior statements; (2) seek any expert witnesses; (3) secure the assistance of a crime scene reconstructionist; (4) introduce favorable scientific evidence that the petitioner was not inside the restaurant; (5) present any type of recognizable defense; (6) prepare the case for pretrial motions; (7) obtain all exculpatory evidence in the State's possession; (8) obtain proper time to try a double first degree murder trial; (9) present a comprehensible opening and closing statement; (10) present a defense for the case-in-chief; and, (11) failed to prepare defense witnesses.

15

Petitioner also argued that trial counsel was ineffective during the penalty phase of trial when he failed to: (1) investigate the petitioner's background; (2) hire an investigator or sociologist; (3) prepare expert witnesses; (4) prepare lay witnesses; (5) present a coherent opening and closing statement; (6) obtain the petitioner's medical, employment and historical records; (7) argue pertinent mitigators; (8) object to inadmissible evidence; and (9) secure an adequate amount of time to prepare the case for trial.

Finally, the petitioner also argued that trial counsel was ineffective during voir dire when he failed to: (1) assert cause challenges for jurors who demonstrated obvious bias; (2) utilize strikes for cause or peremptory challenges for jurors who obviously could not follow the law; (3) question jurors about whether they knew anyone who was a victim of crime; and (4) use peremptory challenges against jurors antagonistic to the case in mitigation.

**Request 1.**

In request for production of documents number 1, the petitioner sought the production of any and all information in the possession of the State, including any state-run health facility, concerning the qualifications and training of Dr. Alfred Suarez, Jim Churchman, Patrick A. Lane, Jerry Harrison, Joe Folse, Ed A. Kuhnert, James G. Kurts, Kim Colomb, John Ricca, Carol Richard and

other persons conducting forensic analysis of evidence such as firearms and fingerprint evidence including institutional files such as those of the Louisiana State Board of Medical Examiners or other professional licensing bodies, any disciplinary files or details of any complaints or grievances concerning these witness' work and material indicating lack of competence, training or qualification on their part including failure to conduct any tests or protocols, or testifying outside their area of competence and training, in this or any other case or context.

The discovery request does not relate to a specifically alleged factual dispute regarding the petitioner's existing ineffective assistance of counsel claim.  Also, the discovery request is overbroad.  Accordingly, the petitioner's motion for the production of documents identified in request for production of documents number 1 regarding his ineffective assistance of counsel claim is denied.

### Request 2.

In request for production of documents number 2, the petitioner sought the production of any and all of his personal records, including education, medical, employment, social services, child protective services, disability or other welfare benefit records or other records concerning him in the possession of any State agency, including state-run health facilities and educational

institutions or agencies.

The discovery request does not relate to a specifically alleged factual dispute regarding the petitioner's existing ineffective assistance of counsel claim. Also, the discovery request is overbroad. Accordingly, the petitioner's motion for the production of documents identified in request for production of documents number 2 regarding his ineffective assistance of counsel claim is denied.

### Request 3.

In request for production of documents number 3, the petitioner sought the production of any and all policy documents, guidelines, protocols, manuals or other materials concerning the criteria for classifying children as having special education needs in the East Baton Rouge Parish School District during the years 1970-1987, including criteria for allocating children to special education schools or referring them for special education tuition.

In addition, the petitioner sought the production of any and all policy documents, guidelines, protocols, manuals or other materials created or used in the East Baton Rouge Parish School District during the years 1970-1987 concerning decisions as to whether to hold back or socially promote children within the school district.

The discovery request does not relate to a specifically

alleged factual dispute regarding the petitioner's existing ineffective assistance of counsel claim.   Also, the discovery request is overbroad.   Furthermore, the petitioner has not show that it is reasonable to require the respondent - rather than the petitioner - to obtain the requested information from the East Baton Rouge Parish School Board.   Accordingly, the petitioner's motion for the production of documents identified in request for production of documents number 3 regarding his ineffective assistance of counsel claim is denied.

**C.   Discrimination in the Composition of the Grand and Petit Juries Claim**

In his federal habeas corpus application, the petitioner argued that East Baton Rouge Parish utilized a discriminatory system of selecting grand jury foremen in violation of his Fourteenth equal protection rights.

Petitioner sought the production of training manuals, videos, memoranda, protocols, briefing documents or other policy or training materials from the office of the District Attorney concerning methods or principles to be employed in the selection of petit juries, the criteria to be adopted in choosing or excluding petit jurors, and the training of the staff of the District Attorney's office in those areas.

Petitioner also sought the production of any reports, reviews, internal memoranda, correspondence, press releases, or other

19

documentation concerning the record of the District Attorney's office in exercising its peremptory strikes at felony trials, including any material concerning the race and gender of the stricken jurors.

Petitioner also sought the production of any reports, internal memoranda, correspondence, manuals or other materials from the office of the District Attorney or any other State agency or court concerning the jury selection methods which were the subject of the petitioner's Motion to Quash or concerning the reasons that process was subsequently changed.

Petitioner also sought the production of all prosecution "strike sheets", i.e., lists of potential jurors and any notations thereon or separate notes or information concerning jury selection in felony cases tried in East Baton Rouge Parish from 1991-2005 inclusive.

Petitioner also sought the production of the grand jury panel lists and minutes concerning the selection of all grand juries, regular or special, in East Baton Rouge Parish from 1974 to 1995 inclusive, the voter registration data which would reveal the race and gender of the grand jury panel members, any and all manuals, training materials, protocol or operating documents, reports, minutes of meetings, resolutions from meetings, briefing documents, recommendations to the Louisiana State legislature or other materials from the office of the District Attorney or any other

state agency or court concerning the methods employed from 1974 to the present day in selecting grand juries and grand jury forepersons, or concerning the service of subpoenas on grand jury panel members and the criteria used in deciding action to be taken in a subpoena is served but not obeyed, or if service cannot be made.

Petitioner also sought the production of any and all materials concerning the selection of individuals to serve as grand jury forepersons for the years 1974 to 1995 inclusive, including any background searches performed, or advice taken, by any state actor concerning any individual grand juror in order to demonstrate that the method by which grand jury forepersons have been selected in East Baton Rouge Parish have not been race and gender neutral.

The discovery request does not relate to a specifically alleged factual dispute regarding the petitioner's existing claim of alleged discrimination in the composition of the grand jury which indicted him and the trial jury which convicted him. Also, the discovery request is grossly overbroad. Accordingly, the petitioner's motion for the production of documents identified in his request for production of documents related to his discrimination in the composition of grand juries and petit juries claims is denied.

## Conclusion

The Scheduling Order notified the parties that "[d]iscovery requests which are vague or which do not explain how the information sought is reasonably relevant to a contested claim will not be allowed."[6]  Petitioner Wessinger's Motion for Discovery is a repackaged version of his original, overbroad discovery request. His justifications for these overbroad discovery requests are theoretical, so much so that describing them as fishing expedition is accurate.  Without at least a colorable showing by the petitioner that particular discovery requests are reasonably relevant to specific factual disputes regarding an existing claim, the court cannot winnow the wheat from the chaff.  Given the vast scope of the petitioner's discovery requests, a determination by the court of which discovery requests will be permitted amounts the court conducting discovery for the petitioner.

Petitioner Wessinger's Motion for Discovery is denied.

Baton Rouge, Louisiana, January 21, 2009.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[6] Record document number 62, item A.

22