UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

TODD KELVEN WESSINGER

VERSUS

BURL CAIN, ET AL.

CIVIL ACTION

NO. 04-637-JJB

RULING AND ORDER

Petitioner has filed an application for a writ of Habeas Corpus (doc. 120). Respondent has filed an Opposition (doc. 129) to which Petitioner replied (doc. 132). Petitioner seeks an evidentiary hearing to develop further the factual basis for some of his claims. Respondent contends Petitioner is not entitled to such a hearing.

The United States Supreme Court has recently clarified the applicability of the evidentiary hearing provision of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2254. In *Cullen v. Pinholster*, the Court ruled that district court review is limited to the record before the state court when the petitioner's claims were adjudicated at the state court and are therefore brought under § 2254(d). 131 S.Ct. 1388, 1398 (2011). A determination by the state court of a factual issue is presumed to be correct. 28 U.S.C. § 2254(e)(1). The applicant can rebut the presumption by clear and convincing evidence. *Id.* The district court shall not hold an evidentiary hearing unless the applicant has failed to

develop the factual basis for a claim in the state court proceedings and the claim relies on either a new rule of constitutional law made retroactive by the Supreme Court or is based on a factual predicate that could not been previously discovered through due diligence on the part of the applicant. 28 U.S.C. § 2254(e)(2). An additional requirement is that these new facts would have to be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2254(e)(2)(B).

In a recent case interpreting *Pinholster*, the Fifth Circuit instructed that, while an evidentiary hearing is available only under "narrow circumstances," it "remains an important tool in cases where habeas petitioners raise a claim that was not adjudicated on the merits in State court, i.e. a claim to which §2254(d) does not apply." *McCamey v. Epps*, ___ F.3d ___, WL 4445998 at *5 (5th Cir. 2011) (internal quotation and emphasis omitted).

Petitioner asserts he was prevented from developing the factual basis for his claims in state court by the refusal of funds to further investigate his claims. He contends this failure to develop claims is not attributable to a lack of due diligence on his part and cannot be the basis for denying him an evidentiary hearing. (Doc. 132 at 27). Respondent argues Petitioner does

2

not qualify for a hearing because the state court ruled on all claims on the merits. Even if he were to qualify for a hearing, Respondent argues such a hearing is allowed, but not required, under § 2254(e)(2). (Doc. 129 at 33).

The Court will DEFER ruling on Petitioner's motion at this time. As the necessity and/or availability of an evidentiary hearing will be made on a claim by claim basis, the Court will make such a determination as it decides the merits of Petitioner's habeas corpus application. During this process, the Court will review the record of this matter and determine if, under *Pinholster* and related cases, a hearing may be available or mandated. If the Court finds a hearing necessary, it will notify the parties which claims that hearing would encompass.

Signed in Baton Rouge, Louisiana, on October 17, 2011.

							 _____
							 **JUDGE JAMES J. BRADY**
							 **UNITED STATES DISTRICT COURT**
							 **MIDDLE DISTRICT OF LOUISIANA**