**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**TODD KELVIN WESSINGER,**
**Petitioner,**

**CIVIL ACTION No. 04CV637-JJB-SCR**

**v.**

**THIS IS A DEATH PENALTY CASE WITH AN EXECUTION DATE OF MAY 9, 2012**

**BURL CAIN, Warden,**
**Louisiana State Penitentiary,**
**Angola, Louisiana,**
**Respondent.**

**MR. WESSINGER'S MOTION TO ALTER OR AMEND JUDGMENT DENYING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT A HEARING – MEMORANDUM OF LAW & FACT IN SUPPORT ATTACHED**

NOW INTO COURT, through undersigned counsel, comes TODD KELVIN WESSINGER, who moves this Court, pursuant to Federal Rules of Civil Procedure Rule 59(e), to alter or amend its judgment denying his petition for a writ of habeas corpus without an evidentiary hearing. In support, Mr. Wessinger submits the attached memorandum.

## I. PROCEDURAL HISTORY

Mr. Wessinger's conviction became final under Louisiana law on January 24, 2000. Mr. Wessinger was one of 16 death row inmates in Louisiana denied counsel on state post-conviction proceedings due to lack of funding. Several years after Mr. Wessinger's state court denial, the Louisiana Supreme Court recognized the inequity caused by the funding crisis and created a mechanism to provide funds for state post-conviction cases. As a result, every Louisiana capital habeas petitioner—**with the sole exception of Mr. Wessinger**—received the benefit of state-mandated funds to develop claims and litigate in post-conviction. Mr. Wessinger was left to the kindness of *pro bono* counsel who, for various reasons, failed to provide effective representation.

Mr. Wessinger's first *pro bono* counsel failed to notify the court until one day before the post-conviction petition was due that he had utterly failed to perform his duties due to his own mental illness and the fact that he had been fired by his law firm. Counsel never notified Mr. Wessinger that he had not been working on the case and, as this Court determined, his abandonment was so egregious that equitable tolling of the statute of limitations in federal habeas was necessary. *Ruling on Timeliness of Petitioner's Federal Writ of Habeas Corpus,* (hereinafter *Ruling on Timeliness*), Doc. No. 19.

For different reasons, Mr. Wessinger's second *pro bono* counsel, Soren Gisleson, fared little better. Although he attempted to provide adequate representation to Mr. Wessinger, the lack of process—including a complete denial of discovery, funding for investigative or expert assistance, and any fair procedure for fact-determination—ensured an unreasonable state court determination.

Mr. Gisleson filed a *First Amended Petition for Post-Conviction Relief* in June of 2001. On July 3, 2003, a district court commissioner issued a formal recommendation, the Commissioner's Preliminary Report, that all issues raised in the *First Amended Petition for Post-Conviction Relief* be dismissed without an evidentiary hearing because he failed to specify, with reasonable particularity, the factual basis for such relief. Mr. Gisleson then filed a more detailed *Second Amended Petition for Post-Conviction Relief* on August 18, 2003. In the *Second Amended Petition for Post-Conviction Relief,* Mr. Wessinger sought resources to support his allegations, as well as discovery and an evidentiary hearing. He received nothing.

Despite the very serious and specific factual allegations set forth in the *Second Amended Petition for Post-Conviction Relief* and the state record evidence supporting those factual

allegations, the judge never ordered the state to respond to the amended petition. Sometime prior to September 4, 2003, the district court commissioner produced a second, more informal set of recommendations. Wessinger—Amended Petition Memo. On September 4, 2003, the state court called a "status conference" at which it ruled orally on Mr. Wessinger's state petition, dismissing the claims raised in the petition for post-conviction relief without an evidentiary hearing. Status Conference on Postconviction dated September 4, 2003, pp. 4, 28 (state court denies first amended petition as procedurally barred and second amended petition without an evidentiary hearing). At this conference, Mr. Gisleson expressed complete surprise that the state court planned a dispositive ruling on the *Second Amended Petition for Post-Conviction Relief* at that time and indicated his lack of preparation to address the merits as a result. No written Findings of Fact or Conclusions of Law were ever issued.

The state court set a writ return date of November 10, 2003 on September 4, 2003. Mr. Wessinger timely filed his writ application on November 7, 2003 and State filed its opposition on January 20, 2004. On September 3, 2004, the Louisiana Supreme Court issued a one word denial. No written reasons were provided. *State ex rel Wessinger v. Cain*, 882 So.2d 605.

On September 7, 2004 Mr. Wessinger filed an *Application for Writ of Habeas Corpus* with this Court. On October 21, 2004, this Court directed Mr. Wessinger to submit a written memorandum addressing equitable tolling and exhaustion issues raised by the application of the timeliness provisions of 28 U.S.C. § 2254, Antiterrorism and Effective Death Penalty Act of 1996 (1996) (hereinafter "AEDPA"). A *Memorandum of Law* (hereinafter "Memorandum") was timely filed in compliance with that order. Respondent filed a *State's Response and Memorandum* (hereinafter "Response") on November 29, 2004, and this Court ordered that Mr.

Wessinger Reply by December 27, 2004, which he did.

On March 1, 2005, this Court ruled that Mr. Wessinger's application was timely filed, and that the extreme circumstances of his abandonment by counsel merited equitable tolling of the statute of limitations. This Court found that Mr. Wessinger had "acted with diligence" in state court, and that he was reasonable to rely upon his initial state habeas counsel, Winston Rice, to timely pursue relief, but that Mr. Rice had abandoned Mr. Wessinger through no fault of, and without the knowledge of, Mr. Wessinger. *Ruling on Timeliness*, pp. 2, 15, 16, 18, 21.

On May 20, 2005 this Court granted some of Mr. Wessinger's requests for funds for investigative and expert assistance, the first resources ever provided for mitigation investigation in the history of Mr Wessinger's case. On May 24, 2005, this Court ordered that the Respondent file an Answer on June 23, 2005 and set a status conference for 9:00 a.m. on June 30, 2005 in chambers. On June 20, 2005, Mr. Wessinger filed a *Motion for Entry of a Scheduling Order* and a *Motion to Continue* the status conference pointing out that the pending petition was merely a place holder because no investigations had yet been conducted. The State filed its *Opposition* on June 23, 2005.

On June 22, 2005 Mr. Wessinger timely filed his *Incomplete First Amended Petition for Writ of Habeas Corpus*.

On June 23, 2005, the District Attorney filed a *Motion for Extension of Time* within which to file Answer and Memorandum requesting a 30 days extension until July 23, 2005. This Court granted that motion on June 24, 2005. On August 1, 2005 – some 9 days past the State's filing due date of July 23, 2005 – the State filed a *Motion for Extension of Time* within which to File Answer and Memorandum, their second extension request. That same day this Court

granted the State's motion and ordered that they file by August 22, 2005. Again, on August 22, 2005 the State filed another *Motion for Extension of Time* within which to File Answer and Memorandum, their third request. This Court granted the State's motion and ordered they file by September 6, 2005. Due to Hurricane Katrina, the State filed a final *Motion for Extension of Time* within which to File the Answer and Memorandum on September 8, 2005. On September 28, 2005 this Court granted that motion and ordered that the State file their response by October 6, 2005. On October 7, 2005 the *State's Response to Petitioner's "Incomplete First Amended Petition for Writ of Habeas Corpus" and Memorandum In Opposition To Petition For Writ Of Habeas Corpus* was filed.

On May 31, 2007 the State filed a *Motion and Memorandum Seeking Reconsideration of the Court's Prior Ruling Regarding Equitable Tolling of Petitioner's Writ of Habeas Corpus*, arguing that Mr. Wessinger's case should be dismissed. Mr. Wessinger filed his opposition on June 19, 2007. The State replied on July 5, 2007 and this Court ultimately denied the State's *Motion and Memorandum Seeking Reconsideration of the Court's Prior Ruling Regarding Equitable Tolling of Petitioner's Writ of Habeas Corpus* on July 19, 2007. The State sought a Certificate of Appealability on this issue and was denied on October 18, 2007.

Mr. Wessinger's *Unopposed Motion to Enter Scheduling Order*, filed on November 18, 2009 was granted by this court on November 24, 2009 and it was ordered that Mr. Wessinger file his *Amended Petition and Request for Evidentiary Hearing* by November 1, 2010.

The State filed a *Memorandum In Opposition To Petition For Writ of Habeas Corpus* on May 6, 2011, and Mr. Wessinger filed his *Petitioner's Reply To Respondent's Opposition* on July 20, 2011. Doc. Nos. 129 and 132, respectively.

On February 22, 2012, this Court issued a *Ruling On Petition For Writ Of Habeas Corpus* in which it denied Mr. Wessinger's federal habeas petition without an evidentiary hearing on any of his federal constitutional claims. Doc. No. 135. On March 12, 2012, this Court denied a certificate of appealability. Doc. No. 136. On March 13, 2012, this Court issued its Judgment denying the petition for a writ of habeas corpus. Doc. No. 137.

This Court's actions throughout these proceedings led Mr. Wessinger to believe that evidentiary hearings would take place. Throughout these proceedings, numerous status conferences were scheduled to discuss the evidentiary hearings.

At a status conference on December 20, 2005, it was decided that evidentiary hearings would be held in late spring or summer of 2006. At further status conferences, this Court ordered the parties to disclose the identity of persons who were going to be used at evidentiary hearings to present evidence and set aside a period of three days specifically for the evidentiary hearing, again contributing to belief that evidentiary hearings would take place.

On June 16, 2010 this Court setting an evidentiary hearing for May 16, 2011. At the time that Mr. Wessinger filed his federal habeas petition, November 1, 2010, evidentiary hearings had already been scheduled. It was not until a status conference on February 9, 2011, that the evidentiary hearing was cancelled. The court decided to review the materials submitted to assess whether or not an evidentiary hearing was warranted. On February 22, 2012 this Court denied Mr. Wessinger's federal habeas petition in full, without the evidentiary hearing that Mr. Wessinger had for so long been made to believe would take place.

Mr. Wessinger, *who is presently scheduled to be executed by the state on May 9, 2012*, is the *only* defendant sentenced to death in the period prior to the funding of a state agency

representing death row inmates in state post-conviction proceedings to have been denied federal habeas relief *without an evidentiary hearing in either state or federal court.*

## II. THIS COURT SHOULD REOPEN THE JUDGMENT PURSUANT TO 59(e)

Federal Rule of Civil Procedure 59(e) provides that a motion to alter or amend a judgment may be filed within 28 days after entry of the judgment. While the rule itself does not specify, there are four basic grounds for granting a Rule 59(e) motion: (1) manifest errors of law or fact upon which the judgment was based; (2) newly discovered or previously unavailable evidence; (3) manifest injustice in the judgment; and (4) an intervening change in the controlling law. 11 Wright, Miller & Kane, Federal Practice and Procedure § 2810.1 (2nd ed.1995). The Court's *Order Denying Petition For A Writ of Habeas Corpus* ("Order") contains manifest errors of law and fact upon which the judgment was based that, if corrected, will compel an evidentiary hearing.

This Court's denial of Mr. Wessinger's request for federal habeas relief without an evidentiary hearing, under the circumstances presented, and the holding in *Martinez v. Ryan*, 566 U.S. __ (2012), constitutes manifest error of law as a result of a defect in the federal habeas proceedings, which can and should be corrected pursuant to a motion filed under Rule 59(e) of the Federal Rules of Civil Procedure. Accordingly, Mr. Wessinger now timely moves to alter or amend the judgment denying the habeas petition in order to allow for an evidentiary hearing.

## III. STATEMENT OF THE CASE

As set forth most fully in attached memorandum of law, this Court's judgment denying Mr. Wessinger's federal petition contained the following "manifest errors of law and fact":

1. To the extent that this Court ruled on the merits of Mr. Wessinger's ineffective assistance of trial counsel at penalty phase, it was mistaken on numerous issues of fact.
2. This Court misunderstood the posture of Mr. Wessinger's state post-conviction decision and mistakenly believed the claims in his *Second Amended Petition for Post-Conviction Relief* were denied on the merits under LA. C. CR. P. ART. 929, when actually they were dismissed under LA. C. CR. P. ART. 928 for failing to allege a claim, which, if established, would entitle Mr. Wessinger to relief.
3. This Court found that the state court issued a merits ruling on Mr. Wessinger's *Wiggins* claim and applied 2254(d) when, in fact, the claim Mr. Wessinger presented to this Court was so fundamentally altered that it was not the same claim exhausted in state post-conviction. As a result, this Court should have determined whether there was cause for failing to exhaust the claim rather than examining it through the lens of 2254(d).

As set forth most fully in attached memorandum of law, this Court's judgment denying Mr. Wessinger's federal petition resulted in a "manifest injustice in the judgment." Because of the lack of funding, procedure, and due process in state post-conviction proceedings, Mr. Wessinger is the only one of the 16 Louisiana death row defendants denied funds for state post-conviction who has never had a hearing and been given the opportunity to have a fact finder hear his claims.

As set forth most fully in attached memorandum of law, this Court's judgment denying Mr. Wessinger's federal petition should be reconsidered due to "an intervening change in the controlling law." This Court did not consider whether Mr. Wessinger could meet the

requirement of cause and prejudice in overcoming procedural default and exhaustion under *Martinez,*[1] with regards the individual claims.

## IV. CONCLUSION

WHEREFORE, for all of the foregoing reasons herein and in the attached memorandum of law and facts in support, as well as for all the reasons set forth in his habeas petition and reply to the state's response, Mr. Wessinger respectfully prays that the Court alter and amend its judgment by:

(1) ordering evidentiary hearings as requested above and in the attached Memorandum;

(2) holding oral argument and hearing on this motion;

(3) granting a certificate of appealability; and

(4) granting such further relief to which he is entitled.

Respectfully Submitted,

/s/ Danalynn Recer

**Danalynn Recer**
The Gulf Region Advocacy Center
Louisiana Bar No. 25485
2307 Union Street
Houston, Texas 77007
Phone: (713)869-4722
Fax: (713)880-3811

**Soren Gisleson**
Herman, Herman, Katz & Cotlar
Louisiana Bar No. 14444
820 O'Keefe Avenue
New Orleans, LA 70113
Phone: (504) 581-4892

[1] This Court outlines the doctrines of procedural default, independent and adequate state ground, fundamental miscarriage of justice, and cause and prejudice, but fails to consider *Martinez,* 566 U.S. ___, 2012 WL 912950 (Mar. 20, 2012). Doc. No. 135, pp. 9-10.

**Rebecca L. Hudsmith**
Federal Public Defender
Louisiana Bar No. 07052
102 Versailles Blvd., Suite 816
Lafayette, LA 70501
Phone: (337) 262-6336
Fax: (337) 262-6605

Counsel for Petitioner

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing has been served on all counsel of record by operation of the Court's electronic filing system on this 10th day of April, 2012.

/s/ Danalynn Recer
**Danalynn Recer**