*United States District Court*
*For the Middle District of Louisiana*

**TODD KELVIN WESSINGER** **CIVIL ACTION**

**VERSUS** **NO. 04-637-JJB-SCR**

**BURL CAIN, WARDEN**

## MEMORANDUM IN OPPOSITION TO MR. WESSINGER'S MOTION TO ALTER OR AMEND JUDGMENT DENYING PEITTION FOR WRIT OF HABEAS CORPUS WITHOUT A HEARING

## STATEMENT OF THE CASE

Petitioner, Todd Wessinger, was charged by Grand Jury Indictment with two counts of First Degree Murder in the deaths of Stephanie Guzzardo and David Breakwell, in violation of Louisiana Revised Statute 14:30.[1] On June 24, 1997, petitioner was unanimously convicted as charged on both first degree murder counts. On June 25, 1997, the jury unanimously determined that petitioner should be sentenced to death on both counts of first degree murder, based upon its finding that petitioner committed the instant crimes when the following aggravating circumstances were present: (1) petitioner was engaged in the perpetration, or attempted perpetration, of aggravated burglary or armed robbery, (2) petitioner knowingly created a risk of death or great bodily harm to more than one person, and

(3) petitioner committed his crime in an especially heinous, atrocious, and cruel manner.[2] On September 17, 1997, the trial court, in accordance with the jury's recommendation, sentenced petitioner to death by lethal injection on both counts.[3]

Petitioner appealed his convictions and sentences, advancing eighteen arguments of error. The Louisiana Supreme Court reviewed the record in this capital case and found that none of petitioner's assigned errors warranted reversal of his convictions or sentences. The ruling of the Louisiana Supreme Court can be found at *State of Louisiana v. Todd Wessinger*, 98-1234 (La. 5/28/99); 736 So.2d 162, *reh'g denied* (7/2/99).

Thereafter, petitioner filed for writ of certiorari in the Supreme Court of the United States. Petitioner's sole allegation of error was that it was reversible constitutional error for the trial court to fail to instruct the jury that unanimity was not required when evaluating the effect of mitigating circumstances. Petitioner alleged his writ should have been granted in order to resolve conflicts in the lower courts. The United States Supreme Court denied petitioner's writ application for certiorari on direct review on December 6, 1999. *Wessinger v. Louisiana*, 528 U.S. 1050, 120 S.Ct. 589, 145 L.Ed.2d 489 (1999). Petitioner's application for

---

[1] Bill of Indictment No. 12-95-657; R. Vol. I, p. 33.

[2] R. Vol. IV, pp. 760-761.

[3] R. Vol. IV, p. 767; R. Vol. X, p. 2270.

rehearing was denied on January 24, 2000. *Wessinger v. Louisiana*, 528 U.S. 1145, 120 S.Ct. 1001, 145 L.Ed.2d 947 (2000).

On June 11, 2001, petitioner filed an application for state post-conviction relief in district court, alleging eleven claims. The State of Louisiana responded and requested that the court review each and every claim, conduct any evidentiary hearings that may be necessary for resolution of the claims, and deny all relief requested by petitioner. The State raised several procedural objections and asked for summary dismissal of other claims.

The district court judge referred the matter to a Judicial Commissioner for advice on post-conviction relief procedures. The Commissioner issued a report entitled Commissioner's Preliminary Report On Procedural Bars. In this fifty-three-page report, the Commissioner detailed the facts of the case and discussed the legal basis for post conviction relief. The Commissioner noted that petitioner failed to establish a basis for post conviction relief based on the facts alleged in his petition. Noting that the First Supplemental Application was one hundred and thirty-six pages[4], the Commissioner nonetheless concluded:

> Having fully and carefully considered the entire application, and reviewed the facts (or lack thereof) urged in support, for the reasons stated individually hereinabove, I suggest that the application should be dismissed as a whole, without the necessity of a hearing (unless otherwise recommended hereinabove). Until the Petitioner amends the pleadings to overcome the vagueness of facts pled, the

---

[4] Commissioner's Preliminary Report, p. 1.

fact[s] do not warrant an evidentiary hearing on the claim[s] raised herein.[5]

Following this report, petitioner filed a Second Amended Petition for Post-Conviction Relief, including numerous exhibits. This amended application re-urged and re-argued the claims raised in the First Amended Petition, and added one hundred pages including eight additional claims.

On September 4, 2003, a status conference was conducted. At this hearing, the district court judge noted that he had received and reviewed the application and amended applications filed by petitioner as well as the exhibits. He also noted that he had reviewed the Commissioner's Preliminary Report and likewise noted that both he and the Commissioner had reviewed petitioner's Second Amended Application.[6] Thereafter, the district court judge ruled that all of the claims raised in the First Amended Application and the "bare-bones" petition were procedurally barred.[7] Thereafter, the district court judge reviewed and addressed various claims from the Second Amended Petition, denying them on the merits without the necessity of an evidentiary hearing. Petitioner sought review with the Louisiana Supreme Court, which denied relief on January 14, 2005.[8]

---

[5] Commissioner's Preliminary Report, p. 53.

[6] Status Hearing, September 4, 2003, pp. 2-3.

[7] Status Hearing, September 4, 2003, p. 4.

[8] *State ex rel. Wessinger v. Cain*, 03-3097 (La. 9/3/04), 882 So.2d 605.

On or about September 7, 2004, petitioner filed an application for writ of habeas corpus in the United States Middle District Court for Louisiana. Thereafter, on or about July 22, 2005, petitioner filed a First Amended Petition. The claims asserted in petitioner's federal application were the same claims dismissed by the state courts.

The State responded to the initial application on October 6, 2005, contending that petitioner's claims did not merit relief and that no evidentiary hearing was required or allowed pursuant to 28 U.S.C. § 2254(e)(2). The State of Louisiana also contended that petitioner failed to meet the burden set forth under the Antiterrorism and Effective Death Penalty Act (AEDPA) for obtaining a Certificate of Appealability, and requested that said certificate be denied.

Thereafter, on October 31, 2010, petitioner filed his Amended Petition and Request for Evidentiary Hearing. The State again responded to petitioner's claims and contended that those claims did not merit relief, that the claims should be considered procedurally barred, and that no evidentiary hearing was required or allowed pursuant to 28 U.S.C. § 2254(e)(2). The State of Louisiana also contended that petitioner failed to meet the burden set forth under the Antiterrorism and Effective Death Penalty Act (AEDPA) for obtaining a Certificate of Appealability, and requested that said certificate be denied.

On February 22, 2012, this Court issued a thorough and well-reasoned Ruling on Petition for Writ of Habeas Corpus, therein denying petitioner's writ of habeas corpus in its entirety. Thereafter, on March 2, 2012, 19th Judicial District Judge Richard Anderson issued a death warrant, setting petitioner's date of execution as May 9, 2012.

On March 12, 2012, this Court denied petitioner's certificate of appealability. The following day, on March 13, 2012, this Court issued its Judgment dismissing petitioner's writ of habeas corpus.

On April 10, 2012, petitioner filed a Motion to Alter or Amend Judgment Denying Petition for Writ of Habeas Corpus Without a Hearing, and supporting memorandum. The following day, on April 11, 2012, petitioner filed a Motion for Stay of Execution, and supporting memorandum.

On April 12, 2012, this Court ordered the state to file any oppositions to petitioner's motions by April 18, 2012. Oral arguments on the motions are set for April 25, 2012.

Pursuant to this Court's order, the State files the instant opposition to petitioner's motion to alter or amend the judgment. For the reasons more fully set forth below, and despite petitioner's assertions to the contrary, the ruling of this Court denying petitioner's writ of habeas corpus was not based on a misunderstanding of state or federal law, nor did the Court misapply the law in this

case. Consequently, petitioner's instant motion is completely without merit and must be denied.

## ARGUMENT

I. THIS HONORABLE COURT CORRECTLY DETERMINED THAT THE STATE TRIAL COURT'S DISMISSAL OF PETITIONER'S SECOND AMENDED POST-CONVICTION RELIEF APPLICATION WAS A MERITS ADJUDICATION AND, THUS, APPLIED THE PROPER STANDARD UNDER THE AEDPA.

In a final attempt to have his state post-conviction claims re-adjudicated in federal court, petitioner now argues that this Honorable Court "misunderstood" the state post-conviction process when it determined that all non-procedurally barred claims contained in petitioner's Second Amended State Petition were dismissed by the state court on the merits. In this respect, petitioner attempts to distinguish a "dismissal" of a state post-conviction application under Louisiana Code of Criminal Procedure article 928 from a denial of relief under article 929. Petitioner argues that a dismissal under Art. 928 is a dismissal on the pleadings that does not amount to a merits adjudication. However, petitioner is incorrect in his assessment of Louisiana post-conviction law in this regard and, as such, the rationale underlying his entire motion to alter or amend judgment is defective. Accordingly, the instant motion is without any legal merit and must be denied by this Honorable Court. Further, petitioner's assessment is contrary to federal jurisprudence, as discussed below.

As set forth in the instant motion to amend or alter, the lynchpin of petitioner's argument that this Court erred in dismissing his federal habeas petition is that the Court somehow misunderstood the state post-conviction relief process, i.e., that the state court's dismissal of his Second Amended State Petition under La. C.Cr.P. art. 928 was not a true merits adjudication. Every subsequent argument contained in petitioner's motion is based on the assertion that the state court did not dismiss his post-conviction claims on the merits and, thus, that this Court "answered the wrong question" under the AEDPA and made "additional legal and factual errors" in denying certain ineffective assistance of counsel claims. In order to successfully oppose petitioner's motion, the state need only show that petitioner's non-procedurally barred state post-conviction claims were adjudicated on the merits.

In the first place, it is clear on the face of petitioner's motion that he provides no legal or jurisprudential support for his claim that a dismissal under La. C.Cr.P. art. 928 is something other than a merits adjudication. Indeed, petitioner's "argument" is just that – argument unsupported by any legal authority. Petitioner fails, even, to provide any explanation for what a "dismissal on the pleadings" would be if not for a merits adjudication. Thankfully, however, at least one

Louisiana court has determined that the dismissal of a state post-conviction claim under Art. 928 is a dismissal on the merits of the claim.[9]

In *State v. Readoux*, 614 So.2d 175, 179 (La. App. 3 Cir. 1993), the Louisiana Third Circuit Court of Appeal reviewed a trial court's denial of defendant's application for post-conviction relief without ordering the state to respond and without granting an evidentiary hearing. After review of the record and applicable law, the court found that "the trial judge is not required to order the district attorney to file an answer before summarily disposing of a claim" under Art. 928. The court further noted that the trial judge examined the plea colloquy in that case and "…found on the face of the application that the claims were without merit." *Id* (Emphasis added).

As in *Readoux*, the state district judge in this case dismissed the claims contained in petitioner's Second Amended State Petition without ordering the state to respond and without an evidentiary hearing. According to the transcript of the September 4, 2003, status conference, the state district judge determined, based on a complete and thorough review of the record in this matter as well as an extensive meeting with the judicial commissioner assigned to review the claims, that petitioner's second amended petition failed to allege any claims which, if

[9] The state suspects that the lack of jurisprudence on this issue is due, at least in part, to the obvious implication that a dismissal of post-conviction claims on the pleadings under Art. 928 cannot be made without a full record review and, thus, a merits adjudication.

established, would entitle petitioner to relief. Without doubt, the trial judge's decision that the claims would not warrant relief was based on his evaluation of the merits of the claims, i.e., the claims viewed in light of the complete record. Accordingly, considering the jurisprudence in Louisiana with regard to Art. 928, the complete lack of any support for petitioner's assertion to the contrary on Art. 928, and the obvious actions of the state district judge in dismissing petitioner's second amended petition in view of the entire record, there is no doubt that a dismissal of post-conviction claims under Art. 928 is a merits adjudication. This Court was correct in making just such a determination in its Ruling and Judgment dismissing petitioner's habeas petition.

In addition to being incorrect in his argument regarding Louisiana post-conviction procedural rules, petitioner's argument is entirely at odds with the Supreme Court cases cited by this Court and the state in its prior answer. Specifically, petitioner has failed to cite any jurisprudence or statutory authority for his argument that would supersede Supreme Court precedent directly addressing this situation. The state submits that this Court need look no farther than *Cullen v. Pinholster,* --- U.S. ---, 131 S.Ct. 1388, 179 L.Ed.2d 557 (2011) and *Harrington v. Richter,* 562 U.S. ——, 131 S.Ct. 770, 786, 178 L.Ed.2d 624 (2011)

In *Cullen* the Supreme Court noted that it did not matter whether the state court decided the matter on summary disposition or following an evidentiary

hearing. In either event, a state court decision on the merits of an issue is entitled to deference under the AEDPA. The Court specifically stated:

> Section 2254(d) applies even where there has been a summary denial. See *Richter,* 562 U.S., at ——, 131 S.Ct. at 786. In these circumstances, Pinholster can satisfy the "unreasonable application" prong of § 2254(d)(1) only by showing that "there was no reasonable basis" for the California Supreme Court's decision. *Id.,* at ——, 131 S.Ct. at 784. "[A] habeas court must determine what arguments or theories ... could have supporte[d] the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of this Court." *Id.,* at ——, 131 S.Ct., at 786. After a thorough review of the state-court record, [FN12] we conclude that Pinholster has failed to meet that high threshold.

*Cullen v. Pinholster*, 131 S.Ct. 1388, 1402-1403 (2011).

Even more importantly, the Supreme Court described California state habeas procedure in a footnote. That description is not unlike what petitioner alleges occurred in state court in the instant case. Thus, even if petitioner is correct that the state trial judge dismissed the matter on the pleadings, it would still be an "adjudication" under *Cullen.* In footnote 12 of *Cullen*, the Supreme Court described the state habeas (post-conviction relief in Louisiana) procedure as follows:

> Under California law, the California Supreme Court's summary denial of a habeas petition on the merits reflects that court's determination that "the claims made in th[e] petition **do not state a prima facie case entitling the petitioner to relief.**" *In re Clark,* 5 Cal.4th 750, 770, 21 Cal.Rptr.2d 509, 855 P.2d 729, 741–742 (1993). It appears that the court **generally assumes the allegations in the petition to be true**, but does not accept wholly conclusory allegations, *People v. Duvall,* 9

> Cal.4th 464, 474, 37 Cal.Rptr.2d 259, 886 P.2d 1252, 1258 (1995), and **will also "review the record of the trial ... to assess the merits of the petitioner's claims**," *Clark, supra,* at 770, 21 Cal.Rptr.2d 509, 855 P.2d, at 742."

*Cullen*, 131 S.Ct. at 1403. [Emphasis added.] Thus, it appears that the procedure that the Court endorsed in *Cullen* is nearly identical to the procedure that petitioner asserts occurred in the instant case. Whether this Court treats Judge Anderson's ruling as a summary denial under La. Code Crim. P. art. 929 as the state has argued should be the case or as a dismissal on the pleadings under La. Code Crim. P. art. 928 as petitioner raises for the first time in this post-judgment motion is irrelevant. The result would be the same. In either event, *Cullen* dictates that this Court should treat the matter as an adjudication. As previously noted, Judge Anderson reviewed the claims asserted by petitioner to determine whether they established a *prima facie* case. It is also clear that Judge Anderson assumed the allegations to be true and that he reviewed the record of the trial. Thus, the procedure asserted by petitioner is specifically approved by *Cullen*.

*Cullen* cites with approval the January 2011 decision of *Harrington v. Richter*, 562 U.S. ---, 131 S.Ct. 770, 178 L.Ed.2d 624 (2011), for the proposition that Section 2254(d) applies even where there has been a summary denial by the state court. See *Cullen*, 131 S.Ct. at 1402 and *Harrington,* 562 U.S. at ——, 131

S.Ct. at 786. In fact, in both *Cullen* and *Harrington* the California Supreme Court summarily denied consideration of the petitioner's state habeas petitions.[10]

In *Harrington*, the Supreme Court found that a summary dismissal is an "adjudication." The Court rejected the contention that Section 2254(d) was inapplicable where the California Supreme Court did not specifically say that it "was adjudicating his claim 'on the merits.'" *Harrington,* 562 U.S. at ——, 131 S.Ct. at 784. In fact, the *Harrington* Court found the opposite contention to be the law under the AEDPA[11]:

> There is no merit either in Richter's argument that § 2254(d) is inapplicable because the California Supreme Court did not say it was adjudicating his claim "on the merits." **The state court did not say it was denying the claim for any other reason.** When a federal claim has been presented to a state court and the state court has denied relief, it **may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary**. Cf. *Harris v. Reed,* 489 U.S. 255, 265, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989) (presumption of a merits determination when it is unclear whether a decision appearing to rest on federal grounds was decided on another basis).
>
> The **presumption may be overcome** when there is reason to think some other explanation for the state court's decision is more likely. See, *e.g., Ylst v. Nunnemaker,* 501 U.S. 797, 803, 111 S.Ct. 2590, 115 L.Ed.2d 706 (1991). Richter, however, does not make that

[10] Apparently, in California a state habeas petition in a death penalty case is filed with the California Supreme Court in the first instance. In both cases the Supreme Court of the United States noted that the petitioners filed with the California Supreme Court, included affidavits with their petitions, and had theirs summarily denied that Court.

[11] The state notes that this Honorable Court previously cited *Harrington* (*see* Court's Ruling, Doc. 135, at pp. 11-12). The state has elected to expound on the *Harrington* ruling in order to demonstrate the lack of support for plaintiff's reasons for altering judgment.

> showing. He mentions the theoretical possibility that the members of the California Supreme Court may not have agreed on the reasons for denying his petition. It is pure speculation, however, to suppose that happened in this case. And Richter's assertion that the mere possibility of a lack of agreement prevents any attribution of reasons to the state court's decision is foreclosed by precedent. See *ibid.*
>
> As has been noted before, the California courts or Legislature can alter the State's practices or elaborate more fully on their import. See *Evans v. Chavis,* 546 U.S. 189, 197, 199, 126 S.Ct. 846, 163 L.Ed.2d 684 (2006). But that has not occurred here. This Court now holds and reconfirms that § 2254(d) does not require a state court to give reasons before its decision can be deemed to have been "adjudicated on the merits." Richter has failed to show that the California Supreme Court's decision did not involve a determination of the merits of his claim. Section 2254(d) applies to his petition.

Thus, it is unnecessary for the state court to invoke any magic words to show that it was ruling on the merits of the petitioner. In fact, the presumption this Court must apply is that Judge Anderson's ruling was a ruling on the merits.

To overcome the presumption that Judge Anderson adjudicated petitioner's claim on the merits, there must be some showing by petitioner that another explanation is more likely. The case cited by the Court for this proposition was *Ylst v. Nunnemaker*, 501 U.S. 797, 803, 111 S.Ct. 2590, 2594 (1991). In *Ylst,* the Court rejected the presumption from *Harris v. Reed* (cited in *Harrington*) where it was clear that state courts appeared to be relying on state procedural grounds, rather than federal constitutional law. The *Ylst* Court formulated another presumption: "Where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the

same claim rest upon the same ground." Thus, the *Ylst* Court ruled, "where, as here, the last reasoned opinion on the claim explicitly imposes a procedural default, we will presume that a later decision rejecting the claim did not silently disregard that bar and consider the merits." In this case, it was clear that Judge Anderson did not impose a procedural bar on the claims referred to in petitioner's Motion to Alter Judgment. Accordingly, the presumption that it was an adjudication has not been overcome by petitioner. The *Harrington* Court also rejected any "theoretical possibility" that members of the state supreme court may have had differing reasons for judgment. The *Harrington* Court rejected this as "pure speculation."

Thus, in the instant case, there is a presumption that the state court ruled on the merits, resulting in an "adjudication," rather than a procedural bar. Petitioner has the burden of overcoming this presumption. Petitioner has failed to overcome this presumption. Finally, federal habeas law as determined by the Supreme Court of the United States does not countenance any theoretical or speculative arguments regarding state court actions. Either the state court judge's ruling was a procedural bar, which obviates the need for this Court to review the merits of the alleged federal constitutional violation because of an independent and adequate state law bar. Or, the state judge's ruling was a ruling on the merits, i.e., an "adjudication," and it is entitled to Section 2254(d) deference. Petitioner's argument for some

status in between these two alternatives is, itself, contrary to clearly established federal law.

For all of the foregoing reasons, this Honorable Court did not err in its determination that petitioner's Second Amended State Petition in state court was dismissed on the merits. Consequently, petitioner's subsequent arguments in the instant motion – that this Court answered the wrong question under the AEDPA and, thus, made additional legal and factual errors with regard to certain enumerated ineffective assistance of counsel claims – are moot. Because petitioner has failed to prove any errors by this Court in dismissing his habeas petition, the instant Motion to Alter or Amend Judgment Denying Petition for Writ of Habeas Corpus Without a Hearing must be denied.

## II. IN ADDITION TO THE FOREGOING, AND AS PREVIOUSLY DETERMINED BY THIS HONORABLE COURT, THE DECISION OF THE STATE DISTRICT COURT TO DISMISS PETITIONER'S SECOND AMENDED PETITION ON THE PLEADINGS WAS NEITHER LEGALLY NOR FACTUALLY UNREASONABLE.

As discussed, this Honorable Court has thoroughly reviewed petitioner's habeas corpus petition and, for reasons meticulously outlined in its seventy-seven page Ruling, determined that petitioner's claims should be dismissed, and that petitioner failed to provide cause for an evidentiary hearing pursuant to the strictures of *Cullen v. Pinholster*. This Court specifically reviewed each of petitioner's habeas claims and found that all claims had been adjudicated on the

merits by the state district court, as discussed at length in foregoing, and that the state court's dismissal of each claim was reasonable both legally and factually. With regard to the reasonableness of the state court's action in dismissing the state claims, the State of Louisiana fully agrees with this Court's well-reasoned and highly thorough ruling in this regard. See Ruling on Petition for Writ of Habeas Corpus at pp. 13-76. The State urges this Honorable Court to uphold its determination of reasonableness by the state district judge and dismiss petitioner's instant motion as without merit.

## **CONCLUSION**

The State of Louisiana, through the undersigned assistant district attorney, respectfully requests that this Court deny petitioner's Motion to Alter or Amend Judgment Denying Petition for Writ of Habeas Corpus Without a Hearing in its entirety as without merit.

RESPECTFULLY SUBMITTED,

HILLAR C. MOORE, III
DISTRICT ATTORNEY

JOHN W. SINQUEFIELD
SPECIAL ASSISTANT ATTORNEY GENERAL

/s/ JACLYN C. CHAPMAN, #29122
ASSISTANT DISTRICT ATTORNEY

DALE R. LEE, #20919
ASSISTANT DISTRICT ATTORNEY

NINETEENTH JUDICIAL DISTRICT COURT
PARISH OF EAST BATON ROUGE
STATE OF LOUISIANA
222 ST. LOUIS STREET, 5TH FLOOR
BATON ROUGE, LA 70802
TELEPHONE (225) 389-3453
EMAIL: christie.chapman@ebrda.org

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing has been filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to Counsel for Petitioner Danalynn Recer and Soren Giselson by operation of the court's electronic filing system.

Baton Rouge, Louisiana, this ~18th~ day of April, 2012.

/s/ Jaclyn C. Chapman
Assistant District Attorney