*United States District Court*
*For the Middle District of Louisiana*

**TODD KELVIN WESSINGER** **CIVIL ACTION**

**VERSUS** **NO. 04-637-JJB-SCR**

**BURL CAIN, WARDEN**

## MEMORANDUM IN OPPOSITION TO MOTION FOR STAY OF EXECUTION

## STATEMENT OF THE CASE

Petitioner, Todd Wessinger, was charged by Grand Jury Indictment with two counts of First Degree Murder in the deaths of Stephanie Guzzardo and David Breakwell, in violation of Louisiana Revised Statute 14:30.[1] On June 24, 1997, petitioner was unanimously convicted as charged on both first degree murder counts. On June 25, 1997, the jury unanimously determined that petitioner should be sentenced to death on both counts of first degree murder, based upon its finding that petitioner committed the instant crimes when the following aggravating circumstances were present: (1) petitioner was engaged in the perpetration, or attempted perpetration, of aggravated burglary or armed robbery, (2) petitioner knowingly created a risk of death or great bodily harm to more than one person,

[1] Bill of Indictment No. 12-95-657; R. Vol. I, p. 33.

and (3) petitioner committed his crime in an especially heinous, atrocious, and cruel manner.[2] On September 17, 1997, the trial court, in accordance with the jury's recommendation, sentenced petitioner to death by lethal injection on both counts.[3]

After a thorough and complete appellate process, spanning over fourteen years and including a direct appeal to the Louisiana Supreme Court, a writ of certiorari to the United States Supreme Court, state post-conviction relief proceedings, and federal habeas corpus proceedings, a death warrant was signed by 19th Judicial District Court Judge Richard Anderson on March 2, 2012, setting petitioner's date of execution as May 9, 2012.

Petitioner now seeks from this Honorable Court a Stay of Execution on the grounds that he has presented a substantial case on the merits involving a serious legal question. Petitioner further argues that the balance of equities weighs in favor of granting a stay. However, for the reasons outlined in following, petitioner has failed to carry his burden of proving that a stay is warranted in this case. Accordingly, the State of Louisiana urges this Court to deny petitioner's Motion for Stay of Execution.

---

[2] R. Vol. IV, pp. 760-761.

[3] R. Vol. IV, p. 767; R. Vol. X, p. 2270.

## APPLICABLE LAW & JURISPRUDENCE

In reviewing an application for stay of an execution, the court must consider several factors. These factors, which are "so well-established…as to be a rubric," *Ruiz v. Estelle,* 666 F.2d 854, 856 (5th Cir.1982) (Ruiz II), include:

> (1) whether the movant has made a showing of likelihood of success on the merits; (2) whether the movant has made a showing of irreparable injury if the stay is not granted, (3) whether the granting of the stay would substantially harm the other parties, and (4) whether the granting of a stay would serve the public interest.

*White v. Collins*, 959 F.2d 1319, 1322 (5th Cir. 1992) citing *Byrne v. Roemer*, 847 F.2d 1130, 1133 (5th Cir.1988), (quoting *Streetman v. Lynaugh*, 835 F.2d 1521, 1524 (5th Cir.1988)). The movant in a capital case " 'need not always show a probability of success on the merits.'" *White*, 959 F.2d at 1322 citing *Celestine v. Butler*, 823 F.2d 74, 77 (5th Cir.) (quoting *O'Bryan v. McKaskle*, 729 F.2d 991, 993 (5th Cir.1987), *cert. denied,* 465 U.S. 1013, 104 S.Ct. 1015, 79 L.Ed.2d 245 (1984)), *cert. denied,* 483 U.S. 1036, 108 S.Ct. 6, 97 L.Ed.2d 796 (1987). However, " 'he must present a substantial case on the merits when a serious legal question is involved and show that the balance of equities [i.e. the other three factors] weighs heavily in favor of granting the stay.'" *Id* (Emphasis added).

A stay of execution "is not available as a matter or right, and equity must be sensitive to the State's strong interest in enforcing its criminal judgments without undue interference from the federal courts." *Walker v. Epps*, 287 Fed.Appx. 371,

374, 2008 WL 2796878 (5th Cir. 2008) (unpublished opinion) citing *Hill v. McDonough,* 547 U.S. 573, 583-84, 126 S.Ct. 2096, 165 L.Ed.2d 44 (2006). The United States Supreme Court has made clear that, " 'like other stay applicants, inmates seeking time to challenge the manner in which the State plans to execute them must satisfy all of the requirements for a stay, including a showing of a significant possibility of success on the merits.'" *Id.* Moreover, the burden of proving the prerequisites for granting a stay rests with the movant. *Walker v. Epps*, 287 Fed.Appx. at 375 citing *Ruiz II,* 666 F.2d at 856.

As further discussed by the Supreme Court in *Barefoot v. Estelle,* 463 U.S. 880, 887-888, 103 S.Ct. 3383, 3391-3392, 77 L.Ed.2d 1090 (1983):

> …direct appeal is the primary avenue for review of a conviction or sentence, and death penalty cases are no exception. When the process of direct review…comes to an end, a presumption of finality and legality attaches to the conviction and sentence. The role of federal habeas proceedings, while important in assuring that constitutional rights are observed, is secondary and limited. Federal courts are not forums in which to relitigate state trials. Even less is federal habeas a means by which a defendant is entitled to delay an execution indefinitely. The procedures adopted to facilitate the orderly consideration and disposition of habeas petitions are not legal entitlements that a defendant has a right to pursue irrespective of the contribution these procedures make toward uncovering constitutional error. "It is natural that counsel for the condemned in a capital case should lay hold of every ground which, in their judgment, might tend to the advantage of their client, but the administration of justice ought not to be interfered with

> on mere pretexts." *Lambert v. Barrett,* 159 U.S. 660, 662, 16 S.Ct. 135, 40 L.Ed. 296 (1895).

## ARGUMENT

PETITIONER CANNOT CARRY HIS BURDEN OF PROVING THAT ALL PREREQUISITES FOR GRANTING A STAY EXIST IN THIS CASE.

As outlined in foregoing, petitioner carries a heavy burden in order to prove that a stay of execution is warranted in this case. It is not enough that petitioner prove only some of the listed factors; rather, the Supreme Court has made clear that all factors must be proven to substantiate the extraordinary remedy of a stay. *Hill v. McDonough,* 547 U.S. 573, 583-84, 126 S.Ct. 2096, 165 L.Ed.2d 44 (2006). As outlined in following, petitioner has failed to satisfy all of the required factors such that the instant Motion for Stay of Execution should be denied by this Honorable Court.

### A. Petitioner has failed to present a substantial case on the merits involving a serious legal question.

As evidenced by this Honorable Court's February 22, 2012, dismissal of petitioner's habeas corpus petition, which was thoroughly outlined in a seventy-seven-page ruling, this Court has already determined that petitioner has failed to present a substantial case on the merits with regard to any of his habeas claims. In attempting, now, to substantiate this factor to the Court, petitioner spends the bulk of his argument discussing extraneous evidence which was never produced and/or admitted during state post-conviction proceedings. However, as fully discussed by

this Court in its ruling denying the habeas petition, the Court is bound by the Supreme Court's recent decision in *Cullen v. Pinholster*, which held that habeas review under 2254(d) is limited to the record before the state court that adjudicated the state claims on the merits. Thus, the evidence petitioner argues in support of his presentation of a substantial case on the merits is precluded from review by this Honorable Court.

Although petitioner argues, referring to his Memorandum in Support of Motion to Alter or Amend Judgment, that the state court did not adjudicate his state post-conviction claims on the merits, there is no doubt, based on state law, that the state district court's dismissal of the Second Amended Petition was a merits adjudication. See state's Memorandum in Opposition to Mr. Wessinger's Motion to Alter or Amend Judgment Denying Petition for Writ of Habeas Corpus Without a Hearing. Moreover, this Court correctly determined that the state district court's dismissal of petitioner's Second Amended Petition was neither legally nor factually unreasonable under 28 U.S.C. 2254(d)(1) and (2). See Ruling on Petition for Writ of Habeas Corpus at pp. 13-76. Thus, because this Court is precluded from even reviewing the evidence presented by petitioner for the first time on habeas relief, petitioner has failed to prove the first required factor – the existence of a substantial case on the merits involving a serious legal question. Petitioner's motion for stay should be denied.

**B. Petitioner has failed to prove that the "balance of equities" weighs heavily in favor of granting a stay of execution.**

With respect to the three remaining factors, i.e. "the balance of equities," petitioner chose only to address the second factor – irreparable injury if the stay is not granted – and ignored the final two factors. In this respect, petitioner fails to address, let alone prove, these last two factors despite the Supreme Court's unequivocal statement that all requirements for a stay must be satisfied in order for the stay to be granted. For this reason alone, petitioner has failed to carry his burden of proving that a stay should be granted herein.

In addition and/or alternative, with regard to the single factor addressed by petitioner herein, he argues simply that he will be "irreparably injured if executed before his initial habeas proceeding is completed." See petitioner's Memorandum in Support of Motion for Stay of Execution at p. 13. However, the only reason petitioner's "initial habeas proceeding" is not yet complete is because he filed the currently pending Motion to Alter or Amend Judgment. As discussed in depth by the state in opposition to that motion, petitioner's arguments in support of amending or altering this Court's well-reasoned judgment are completely unfounded and without merit. Thus, should this Court deny petitioner's pending Motion to Alter or Amend Judgment, these habeas proceedings will end, jurisdiction will be divested, and this Motion for Stay will be moot.

In further addition and/or alternative, while the second stay factor (the first balance of equities factor) arguably weighs in favor of petitioner – if the stay is not granted, he will be irreparably injured – the remaining two factors arguably weigh in favor of the state. The third stay factor asks whether the granting of a stay would substantially harm the other parties. In this case, the victims and their families have endured years of uncertainty and appeals. They undoubtedly endure harm each day that the lawful sentence of the court is not carried out, and they are clearly entitled to finality and closure. The fourth factor asks whether the granting of the stay would serve the public interest. By delaying a constitutionally imposed sentence, and thereby lengthening the public tax burden necessary to house and board an inmate, the granting of a stay clearly disserves the public. Thus, assessing each of the equitable factors together, the balance tips overtly in favor of the state.

Despite his insinuations to the contrary, petitioner has engaged in substantial and sufficient appellate and post-conviction litigation in this case, spanning in excess of fourteen years. Petitioner's convictions and death sentences have been reviewed at all levels of the judicial system, both in state and federal court, and at all turns those convictions and sentences have been upheld as constitutional.

For all of the foregoing reasons, petitioner has failed to carry his burden of proving all of the required factors necessary to support his request for stay of

execution. Because the instant motion is completely without merit, this Court should deny the motion. Alternatively, should this Court deny petitioner's pending Motion to Amend or Alter Judgment, the instant Motion for Stay becomes moot by divestiture of this Court's jurisdiction.

## CONCLUSION

The State of Louisiana, through the undersigned assistant district attorney, respectfully requests that this Court deny petitioner's motion in its entirety as without merit.

RESPECTFULLY SUBMITTED,

HILLAR C. MOORE, III
DISTRICT ATTORNEY

JOHN W. SINQUEFIELD
SPECIAL ASSISTANT ATTORNEY GENERAL

/s/ JACLYN C. CHAPMAN, #29122
ASSISTANT DISTRICT ATTORNEY

DALE R. LEE, #20919
ASSISTANT DISTRICT ATTORNEY

NINETEENTH JUDICIAL DISTRICT COURT
PARISH OF EAST BATON ROUGE
STATE OF LOUISIANA
222 ST. LOUIS STREET, 5TH FLOOR
BATON ROUGE, LA 70802
TELEPHONE (225) 389-3453
EMAIL: christie.chapman@ebrda.org

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing has been filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to Counsel for Petitioner Danalynn Recer and Soren Giselson by operation of the court's electronic filing system.

Baton Rouge, Louisiana, this ~18th~ day of April, 2012.

/s/ Jaclyn C. Chapman
Assistant District Attorney