UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

TODD KELVIN WESSINGER

VERSUS

BURL CAIN, WARDEN

CIVIL ACTION

NO. 04-637-JJB-SCR

## RULING AND ORDER

This matter is before the Court on a Motion to Alter or Amend Judgment (doc. 139) brought by the Plaintiff, Todd Wessinger ("Wessinger"). The Motion, brought under Rule 59(e) of the Federal Rules of Civil Procedure, asks the Court to alter or amend its Judgment on Petition for Writ of Habeas Corpus (doc. 137), which denied all Wessinger's claims for relief. The Defendant opposed the Motion (doc. 150) and the Plaintiff filed a reply (doc. 151). The Court heard oral arguments on April 25, 2012. After considering the briefs and oral argument, the Court will amend its prior Ruling as specified below.

Rule 59(e) provides that "a motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." The Court's Ruling dismissing the Petition was entered on March 13, 2012. The Motion to Alter was filed on April 10, 2012, thus it is timely. "A Rule 59(e) motion calls into question the correctness of a judgment." *Molina v. Equistar Chemicals LP*, 261 Fed. Appx. 729, 733 (5th Cir. 2008) (internal citation omitted). It is not to be used to merely rehash old arguments or to present new arguments that were available

and should have been raised prior to judgment. *Id*. Rather, its purpose is to allow a party to "correct manifest errors of law or fact or to present newly discovered evidence." *Id*. Therefore, the motion must clearly establish either a manifest error of law or some newly discovered evidence that was not available before the judgment. *Id*.

Wessinger presents five factual or legal errors: (1) The Court answered the wrong question in its 18 U.S.C. §2254(d) determination; (2) the Court mistreated his claim of ineffective assistance of counsel at the penalty phase of the trial; (3) the Court made legal and factual errors in denying his claim of ineffective assistance of counsel during voir dire; (4) the Court erred in denying relief on his exhausted *Brady* claim items (Claim V); and (5) the Court erred in finding certain items from the *Brady* claim unexhausted and therefore procedurally barred. The Court finds issues (1),[1] (3), and (4) wholly without merit and will not alter its Ruling as regards to them. Issue (5) is closer but ultimately without merit. It is issue (2) the Court finds deserving of further proceedings.

Wessinger's ineffective assistance at the penalty phase claim was brought in his Amended Petition for Writ of Habeas Corpus (doc. 120 at 232-302). The

---

[1] Wessinger makes the argument that the state habeas court denied his claims on the pleadings under article 928 of the Louisiana Code of Criminal Procedure rather than article 929, which provides for summary disposition. Therefore, instead of analyzing the reasonableness of each substantive decision by the trial court, the Court should have been analyzing the reasonableness of the decision to dismiss each claim for failure to state a claim. While an interesting argument, Wessinger presents no case law from any jurisdiction that has made such a distinction and the Court agrees with the State that, even if the trial court had intended to dismiss the claims under article 928—which the Court is not at all convinced is the case—the effect of such a distinction would not lead to the type of analysis Wessinger suggests.

State, in its opposition to the Petition, contended that the claim went "way beyond what [Wessinger] presented to the state courts for consideration of this claim below." (Doc. 129 at 151). In its Ruling, the Court should have agreed that the claim was a new claim as it went beyond what was presented to the state court; and therefore should have found it to be unexhausted and subject to a procedural bar. When a habeas petitioner presents "material additional evidentiary support" to the federal court that was not presented to the state court, he has not exhausted his state remedies. *Graham v. Johnson*, 94 F.3d 958, 968 (5th Cir. 1996). When a claim is "significantly different and stronger" than presented to the state court, it is deemed not exhausted. *Brown v. Estelle*, 701 F.2d 494 (5th Cir. 1983); see also *Kunkle v. Dretke*, 352 F.3d 980 (5th Cir. 2003) (addition of psychological report and mother's affidavit detailing family history of mental illness along with concrete instances of abuse of petition presents "significant evidentiary support" such that claim was not exhausted).

Wessinger presented the following additional evidentiary support of his ineffective assistance at the penalty phase claim: psychiatric evaluation, neuropsychological testing, evidence of low intellectual functioning, and evidence of isolation and abuse. None of this was presented to the state habeas court. The Court finds that the additional evidence Wessinger has presented to this Court is material and significantly different and stronger than what he presented to the state court. Therefore the claim was not exhausted and is procedurally

3

barred. The Court's ruling was manifestly erroneous in this respect and the Judgment will be vacated as to claim XI-C.

As claim XI-C is procedurally barred, Wessinger is not allowed to bring it unless he can show cause and prejudice for his failure to exhaust it at the state court level. To show cause, Wessinger points to a recent Supreme Court case, *Martinez v. Ryan*, released on March 20, 2012. 132 S.Ct. 1309 (2012). In *Martinez*, the Supreme Court held:

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

*Id*. at 1320. In so holding, the Supreme Court expressly provided a narrow exception to the general rule expressed in *Coleman v. Thompson*, 501 U.S. 722, 754-55 (1991) that the negligence of an attorney in a post-conviction proceeding cannot serve as cause for his failure to exhaust. As a preliminary matter, the Court notes there is a jurisprudential rule in Louisiana that ineffective assistance claims are generally best suited for post-conviction proceedings. *State v. Hamilton*, 699 So.2d 29, 31 (La. 1997). The Louisiana Supreme Court applid this rule to Wessinger's ineffective assistance at trial claim. *State v. Wessinger*, 736 So.2d 162, 195 (La. 1999).

The State claims *Martinez* does not apply to this situation because *Martinez* involved a case in which the ineffective assistance at trial was not brought at all in the initial-review proceeding, unlike the case at bar, which involves an allegedly ineffective prosecution of the claim. The Court disagrees. Nothing in either the opinion or the holding indicates such a distinction matters.

As for how he will prove cause, Wessinger claims his initial-review counsel, Mr. Gisleson, was ineffective during this proceeding because he failed to properly present the ineffective assistance at trial claim in the state court. Gisleson agrees that his performance was deficient, but only because he repeatedly was denied funds and time to properly investigate these claims. There is case law supporting this ineffectiveness through denial of funds theory. See *Gary v. Hall*, 558 F.3d 1229, 1251-1253 (11th Cir. 2009); *Blake v. Kemp*, 758 F.2d 523 (11th Cir. 1985). The Court finds there are questions of law and fact as to whether this theory applies in this case.

If Wessinger is able to show his initial-review counsel was ineffective in prosecuting his ineffective assistance at penalty phase claim, then he must show prejudice. This prejudice prong is satisfied only by a showing that, but for the error, he might not have been convicted. *U.S. v. Guerra*, 94 F.3d 989, 994 (5th Cir. 1996). In the context of the penalty phase, this means he might not have received the death penalty. If he can make this showing, then the Court will consider the underlying ineffective assistance at the penalty phase claim *de novo*

5

under the *Strickland v. Washington* standard. The Court will handle both inquiries together at a hearing.

As for his unexhausted *Brady* claim, the Court disagrees with Wessinger that *Martinez* allows him to get around the procedural bar. *Martinez* only applies to claims of ineffective assistance of counsel at trial that are procedurally barred because of ineffective assistance of counsel at the initial-review proceeding. 132 S.Ct. at 1320. This provides for equitable relief in situations where a petitioner would otherwise not have the substance of a claim heard. *Brady* claims are allowed to be heard on direct appeal. Most of Wessinger's *Brady* claims were heard on direct review. *Martinez* does not allow Wessinger to get around *Coleman*'s prohibition against using ineffective assistance during post-conviction proceedings as cause to excuse a procedural bar for the claims that were not brought before the state court. This claim is without merit.

## **CONCLUSION AND ORDER**

For these reasons, Petitioner's Motion to Alter or Amend Judgment (doc. 139) is GRANTED and the case is reopened as to Petitioner's Claim XI-C (doc. 135 at 65) as provided herein. A hearing will be held on December 13, 2012. The parties will brief both issues beforehand. Wessinger will file his brief within sixty (60) days of the date of this Order and the Defendant will file an opposition within thirty (30) days thereafter. Both sides will be limited to twenty (20) pages. The parties are encouraged to refer to previous briefs (by docket and page

number) in order to avoid merely repeating prior factual, procedural, and evidentiary recitations.

Signed in Baton Rouge, Louisiana, on May 15, 2012.

                          **JUDGE JAMES J. BRADY**
                          **UNITED STATES DISTRICT COURT**
                          **MIDDLE DISTRICT OF LOUISIANA**