**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**TODD KELVIN WESSINGER,**
**Petitioner,**

**CIVIL ACTION No. 04CV637-JJB-SCR**

**v.**

**DARREL VANNOY, Warden,**
**Louisiana State Penitentiary,**
**Angola, Louisiana, Respondent.**

**PETITIONER'S**
**MOTION FOR SUMMARY JUDGMENT, OR, IN THE ALTERNATIVE,**
**FOR AN EVIDENTIARY HEARING ON CAUSE AND PREJUDICE, OR,**
**IN THE ALTERNATIVE, FOR RELIEF FROM JUDGMENT**

NOW INTO COURT, through undersigned counsel, comes the petitioner TODD KELVIN WESSINGER, who hereby moves, pursuant to Fed. R.Civ. Proc. 56, for summary judgment on the basis of the violation of his Sixth Amendment right to the effective assistance of counsel at the penalty phase of his first degree murder trial, a federal habeas claim found meritorious and the basis for habeas relief ordered by the Honorable James J. Brady after a five-day evidentiary hearing.

Alternatively, Wessinger moves for a hearing on the issue of cause and prejudice to excuse the procedural default of the meritorious claim of violation of Wessinger's Sixth Amendment rights. Further, in the alternative, Wessinger moves for relief from judgment pursuant to Fed.R.Civ.Proc. Rule 60(b) under the extraordinary circumstances of this case, including the substantial risks of an injustice and of undermining the public's confidence in the judicial process presented by this case. In support, Wessinger submits the following, as well as a memorandum in support and statement of uncontested material facts in support.

1.

Judge Brady presided over five days of evidentiary hearing on Wessinger's Sixth Amendment claim of trial counsel's ineffective assistance at the penalty phase of Wessinger's capital murder trial (amended federal habeas petition Claim XI-C) and *pro bono* state post-conviction counsel's ineffectiveness in failing to raise that claim in Wessinger's state post-conviction proceedings. Judge Brady concluded that the federal habeas claim was meritorious and that Wessinger had been denied his Sixth Amendment right to the effective assistance of counsel at his penalty phase trial, but that the claim was procedurally defaulted. Judge Brady also found, however, that the procedural default of the meritorious constitutional claim was excused because post-conviction counsel was ineffective in Wessinger's state post-conviction proceedings. Judge Brady ordered habeas relief and a new penalty phase trial based on the Sixth Amendment violation.

2.

On appeal by the respondent, the Fifth Circuit reversed Judge Brady's ruling in favor of Wessinger *solely on the basis* that it did not agree that state post-conviction counsel was ineffective, concluding that counsel did everything he could to secure from multiple state and state-funded entities, and the state post-conviction court, the necessary funds and assistance to develop ineffectiveness claims in state post-conviction, but was consistently denied funding and assistance. The Fifth Circuit did not reverse Judge Brady's ruling on the merits of the Sixth Amendment claim, although the respondent argued on appeal that the ruling on the merits should be reversed. Nor did the Fifth Circuit order the federal habeas petition dismissed.

3.

While, as a result of the Fifth Circuit's ruling, cause and prejudice for excusing the procedural default of Wessinger's meritorious ineffectiveness claim can no longer be based on state post-conviction counsel's ineffectiveness, it can and should be based on the repeated failure of the state post-conviction process and policies to protect Wessinger's rights and provide him due process and equal protection as a result of the denial of state post-conviction counsel's repeated efforts, directed to multiple state and state-funded entities and the state post-conviction court, to obtain the necessary funds and assistance to develop ineffectiveness claims in state post-conviction.

4.

As set forth in the accompanying memorandum in support, the undisputed material facts from five days of evidentiary hearing establish Wessinger's entitlement to summary judgment and habeas relief. Alternatively, he is entitled to an evidentiary hearing to address cause and prejudice. Further, alternatively, he is entitled a relief from judgment pursuant to Fed.R.Civ.Proc. 60(b)(6).

5.

As Justice Sotomayor stated in her dissent from the denial of certiorari review of the Fifth Circuit's reversal, "[p]etitioner Todd Wessinger was sentenced to death by a jury that was never presented with significant mitigation evidence that may have convinced its members to spare his life." *Wessinger v. Vannoy*, 138 S.Ct. 952 (Mem) (2018), Sotomayor, J., dissenting from the denial of certiorari. Justice Sotomayor noted that the jury never considered this evidence at sentencing because "Wessinger's trial counsel did not attempt to discover it" and "Wessinger's attorneys on postconviction review similarly failed to conduct any mitigation investigation in preparation for his state habeas petition." *Id.* at 953. As Justice Sotomayor acknowledged: "the investigation of

mitigation evidence and its presentation at sentencing are crucial to maintaining the integrity of capital proceedings." *Id.* at 954. In the present case, without more, as Justice Sotomayor concluded, "Wessinger will remain on death row without a jury ever considering the significant mitigation evidence that is now apparent," an outcome that is "contrary to precedent and deeply unjust and unfair." *Id.*

6.

This Court is empowered to remedied this unconstitutional result by granting relief on the meritorious claim of a Sixth Amendment violation without regard to exhaustion and the resulting procedural default, since that default is attributable to objective factors external to the defense, that is, state processes and policies that, as applied to petitioner, rendered the state post-conviction process ineffective to protect his rights and accord him due process and equal protection. The State of Louisiana should not be allowed, through its own processes and policies, to make it impossible for *pro bono* state post-conviction counsel to do his job and then hold petitioner accountable with his life for *pro bono* counsel's unavoidable failures.

WHEREFORE, petitioner Todd Wessinger respectfully prays that this Court excuse the procedural default of meritorious Claim XI-C and grant summary judgment and habeas relief on that claim; alternatively, prays that this Court grant an evidentiary hearing to establish the basis for cause and prejudice to excuse the procedural default of his meritorious constitutional claim; alternatively, prays for relief from judgment pursuant to Fed.R.Civ.Proc. Rule 60(b); and prays for all such further relief to which he is entitled.

RESPECTFULLY SUBMITTED,

/s/ Rebecca L. Hudsmith
**Rebecca L. Hudsmith**, LSBA No. 07052
**Cristie Gautreaux Gibbens**, LSBA No. 24102
**Office of Federal Public Defender**

102 Versailles Blvd., Suite 816
Lafayette, LA 70501
Phone: (337) 262-6336; Fax: (337) 262-6605

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing has been served on all counsel of record by operation of the Court's electronic filing system on this 30th day of August, 2019.

/s/ Rebecca L. Hudsmith
**Rebecca L. Hudsmith**
Federal Public Defender
Louisiana Bar No. 07052
102 Versailles Blvd., Suite 816
Lafayette, LA 70501
Phone: (337) 262-6336
Fax: (337) 262-6605