UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

TODD KELVIN WESSINGER

VERSUS

DARREL VANNOY

CIVIL ACTION

NO. 04-637-JWD-EWD

**RULING AND ORDER**

This matter comes before the Court on *Petitioner's Motion to Alter or Amend Judgment Denying Petitioner's* Motion for Summary Judgment, or, in the Alternative, for an Evidentiary Hearing on Cause and Prejudice, or, in the Alternative, for Relief from Judgment, *or, in the Alternative, to Grant Petitioner Habeas Relief on Claim XI-C* (Doc. 248) filed by Petitioner Todd Kelvin Wessinger ("Petitioner"). Respondent the State of Louisiana ("the State") opposes the motion (Doc. 252), and Petitioner has filed a reply (Doc. 253). Oral argument is not necessary. The Court has carefully considered the law, the facts in the record, and the arguments and submissions of the parties and is prepared to rule. For the following reasons, Petitioner's motion is granted in part and denied in part.

**I.   Relevant Background**

The relevant factual and procedural background was provided in detail in the Court's prior *Ruling and Order* (Doc. 246) of which Petitioner now seeks review. The Court will provide only the essential parts of that background.

**A. Procedural History up to the Fifth Circuit's Opinion**

In short, Petitioner was convicted of two counts of first-degree murder. (*Petitioner's Statement of Uncontested Material Facts in Support of Rule 56 Motion for Summary Judgment or,*

*in the Alternative, for Relief from Judgment Under Rule 60(b)(6)* ("*SUMF*") ¶ 1, Doc. 234-2.)[1] He was sentenced to death. (*SUMF* ¶ 2.)

Petitioner was denied habeas relief in state court. (*SUMF* ¶¶ 3–15.) Soren Gisleson was his counsel during these proceedings. (*Id.*)

Petitioner then sought federal habeas relief for ineffective assistance of counsel at the penalty phase. This issue was raised as Claim XI-C. (*SUMF* ¶ 17.) Respondent argued that Claim XI-C went beyond what was presented in the state habeas proceeding, so the claim was unexhausted and thus procedurally barred. (*SUMF* ¶ 19.)

Habeas relief was initially denied by Judge Brady as to all claims. (*SUMF* ¶ 20.) Following *Martinez v. Ryan*, 566 U.S. 1 (2012), Petitioner filed a Rule 59(e) motion seeking relief from judgment with respect to, *inter alia*, Claim XI-C. (*Id.*) He acknowledged that the claim was procedurally defaulted, but Petitioner urged that, under *Martinez*, Claim XI-C could still be reviewed because state post-conviction counsel was ineffective, thereby excusing the default. (*Id.*)

Judge Brady granted the Rule 59(e) motion. (*SUMF* ¶ 21.) He found that Claim XI-C was procedurally defaulted but that this would be no bar because Petitioner had shown cause and prejudice under *Martinez*. (*SUMF* ¶ 21.) In reaching this conclusion, Judge Brady stated the following:

> As for how he will prove cause, Wessinger claims his initial-review counsel, Mr. Gisleson, was ineffective during this proceeding because he failed to properly present the ineffective assistance at trial claim in the state court. Gisleson agrees that his performance was deficient, but only because he repeatedly was denied funds and time to properly investigate these claims. There is case law supporting this ineffectiveness through denial of funds theory. See *Gary v. Hall*, 558 F.3d 1229, 1251-1253 (11th Cir. 2009); *Blake v. Kemp*, 758 F.2d 523 (11th Cir. 1985). The Court finds there are

---

[1] Again, the *SUMF* was not controverted as required by the local rules, so it is deemed admitted for purposes of this motion. *See* M.D. La. LR 56(b) (2018).

> questions of law and fact as to whether this theory applies in this case.

(Doc. 156 at 5.)

A hearing was conducted on January 12–13, 2015 (*SUMF* ¶ 22), and, on July 27, 2015, Judge Brady granted habeas relief based on Claim XI-C (Doc. 216 at 15). He found that the elements of *Martinez* were satisfied (Doc. 216 at 7–9); that counsel at the penalty phase "was deficient and fell below the objectively reasonable norms of capital counsel at a penalty phase," (*id.* at 12); and that there was a reasonable probability that, but for the errors, the results would have been different (*id.* at 12–15.)

Judge Brady then issued a judgment granting the petition for writ of habeas corpus "as to Claim XI-C (Penalty Phase Ineffective Assistance of Counsel)[;]" vacating the death sentences; remanding the matter to state court for a new penalty phase trial; and stating, "All other claims are denied." (Doc. 217 at 1.)

The Fifth Circuit reversed. (Doc. 230 at 3.) Critically, the Fifth Circuit stated, "The State raises several arguments on appeal. Because we conclude that the district court erroneously determined that Gisleson's initial-review representation of Wessinger was deficient, we address only that argument." (Doc. 230 at 7.) The Fifth Circuit went on to find that Soren Gisleson's performance at the state habeas phase did not fall below an objective level of reasonableness. (Doc. 230 at 8–11.) In doing so, the Fifth Circuit stated:

> That Wessinger did not present evidentiary support of his claim to the state postconviction court is not attributable to Gisleson's inexperience or any particular error, but *rather to the state post-conviction court's decisions to deny a hearing, discovery, and funds—decisions which are entitled to deference and which Wessinger does not challenge before this court*."

(Doc. 230 at 10–11 (emphasis added).)

3

### B. Petitioner's *MSJ* and this Court's Ruling

After remand, Petitioner filed a *Motion for Summary Judgment, or, in the Alternative, for an Evidentiary Hearing on Cause and Prejudice, or, in the Alternative, for Relief from Judgment* ("*MSJ*") (Doc. 234). Petitioner argued, among other things:

> Under the law of the case, Gisleson's ineffectiveness cannot provide cause under *Martinez* for Wessinger's procedural default of his meritorious, but procedurally defaulted claim of penalty phase trial counsel's ineffectiveness. However, the panel did not reverse the district court's rulings that Wessinger's Claim XI-C penalty phase ineffectiveness claim filed in his amended petition properly related back to and amended the original timely habeas petition and was a meritorious claim of violation of Wessinger's Sixth Amendment rights for which habeas relief should be granted, all district court rulings which were briefed and argued on appeal and which remain intact. Thus, the law of the case doctrine does not prevent this Court from considering in the present motion, which relies upon cause for excusing the procedural default of Wessinger's meritorious Sixth Amendment claim of ineffective assistance of penalty phase trial counsel based upon the inadequacies of the state court process and policies, which was not reached by the district court nor decided by the Fifth Circuit.

(Doc. 234-1 at 16–17.) Petitioner further asserted:

> The Fifth Circuit panel reversed Judge Brady's ruling on the limited issue of cause under *Martinez*, and on no other basis. The appellate court's judgment of reversal did not order the dismissal [of] the habeas petition or otherwise rule on the merits of the habeas petition so as to bar further proceedings in this Court. Thus, authority is now vested in this Court to consider the basis for excusing the procedural default of petitioner's ineffectiveness claim set forth in this motion and not previously addressed by this Court or the Fifth Circuit.

(Doc. 234-1 at 18.)

Respondent opposed the motion by arguing that Petitioner never raised this as a viable ground for overcoming the procedural bar, but, to the extent he had, he did "not pursue it" but rather "relied on the *Martinez* method until that failed." (Doc. 244 at 13.) Respondent contended

4

that Petitioner waived or abandoned the claim and that it was otherwise barred by the Fifth Circuit's decision. (Doc. 244 at 13–15.)

This Court denied the *MSJ*. (Doc. 246.) The Court focused on Judge Brady's ruling that "[a]ll other claims" were denied and reasoned that this included the ineffectiveness through denial of funds theory raised in Petitioner's motion but not fully litigated at the hearing. (Doc. 246 at 27.) The Court found that this was an issue that could have been appealed but was not. (Doc. 246 at 27.) According to the prior ruling, the Fifth Circuit did not address the ineffective state corrective process theory because Petitioner did not raise the issue on appeal. (Doc. 246 at 27–28.) The Court also rejected Petitioner's alternative request for relief under Rule 60(b)(6) because the motion was untimely and because of the mandate rule. (Doc. 246 at 30–31.)

## II.     Relevant Standard

When a motion for reconsideration " 'calls into question the correctness' of the judgment," the Court considers it under Fed. R. Civ. P. 59(e). *Allen v. Envirogreen Landscape Prof'ls, Inc.*, 721 F. App'x 322, 328 (5th Cir. 2017) (per curiam) (quoting *Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004)). "Rule 59(e) motions serve 'the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence.' " *Id*. (quoting *Templet*, 367 F.3d at 478). " 'Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly.' " *Id.* (quoting *Templet*, 367 F.3d at 479). "Accordingly, a motion for reconsideration 'is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment.' " *Id.* (quoting *Templet*, 367 F.3d at 479).

### III. Discussion

#### A. Parties' Arguments

##### 1. Petitioner's Memorandum in Support (Doc. 248-1)

Petitioner asks the Court either to grant the *MSJ* or to provide relief from its ruling denying that motion. Petitioner explains that, when he originally filed his first Rule 59(e) motion from Judge Brady's order denying habeas relief, Petitioner urged that he should be excused from failing to exhaust Claim XI-C on two possible grounds: "(1) the ineffective assistance of his state habeas counsel and (2) the state postconviction proceedings during the period of time Mr. Wessinger was in state court were so inadequate they rendered the process ineffective." (Doc. 248 at 3.) Judge Brady granted the Rule 59(e) motion and ordered an evidentiary hearing on the sole issue of whether "the Court mistreated his claim of ineffective assistance of counsel at the penalty phase of the trial" (Doc. 248 at 4 (quoting Doc. 156 at 2).) The Fifth Circuit reversed Judge Brady solely on the issue of whether Soren Gisleson's performance in state post-conviction was deficient, finding that it was not.

Petitioner asserts:

> When Judge Brady's Judgment granting relief as to Claim XI-C included language that "[a]ll other claims are denied," Doc. 217, the Court's language necessarily was referring to the claims for habeas relief, as outlined above, which Judge Brady did not agree merited Rule 59(e) relief, and not asserted bases for excusing the procedural default of the clam which he agreed did merit relief, Claim XI-C. Thus, as a result of Judge Brady's ruling in favor of Petitioner on the merits of his penalty phase Sixth Amendment ineffective assistance Claim XI-C, there was nothing for Petitioner to appeal with respect to that claim for relief. Moreover, in finding cause and prejudice to excuse the procedural default of Claim XI-C based upon state post-conviction counsel's ineffectiveness, Judge Brady did not reach, much less reject either explicitly or implicitly, the failure of the state post-conviction process as a basis for cause and prejudice to excuse the procedural default of Claim XI-C. See Docs. 156 and 216. In short, Petitioner won on Claim XI-C, was not the aggrieved

6

> party and had nothing to appeal with respect to that claim for habeas relief; rather, the Respondent appealed the granting of habeas relief on Claim XI-C.

(Doc. 248-1 at 6.) Petitioner maintains that this Court manifestly erred because he had nothing to appeal from Judge Brady's ruling in this respect.

Petitioner also asserts that, due to this error, this Court improperly relied upon cases involving the failure of parties to raise issues on appeal which could have been brought but were not. Rather, this case is more analogous to *United States v. Lee*, 358 F.3d 315, 321-325 (5th Cir. 2004), where the Fifth Circuit found that the mandate rule did not apply because an issue was made "newly relevant" by the appellate court:

> That is the case here: the Fifth Circuit's opinion rejecting postconviction counsel's ineffectiveness as a basis for cause and prejudice to excuse the procedural default of meritorious Claim XI-C, because counsel's failure to hire a mitigation expert was due to the denial of his funding requests and not any deficiency on his part, *Wessinger v. Vannoy*, 864 F.3d 387, 392 (5th Cir. 2017), rendered the deficiencies in the state policies and processes in postconviction "newly relevant" by both reasoning and result of the Fifth Circuit to the cause and prejudice determination now urged by Petitioner, the appellee and non-aggrieved party on the previous appeal by the Respondent. Thus, neither the law of the case doctrine nor the mandate rule prohibit this Court's consideration of this basis for cause and prejudice, and the Court's ruling to the contrary constitutes manifest error of law and fact and a manifest injustice.

(Doc. 248-1 at 7–8.)

Petitioner next contends that the "letter and spirit" of the Fifth Circuit's decision was to leave in place Judge Brady's decision that Claim XI-C was meritorious. Rather, the Fifth Circuit found that the procedural default barred the claim. Petitioner now seeks to excuse that procedural bar due to the state post-conviction process, a basis that was not addressed or ruled upon by Judge Brady or the Fifth Circuit. (Doc. 248-1 at 8.)

Petitioner also asserts:

7

> [T]he law of the case doctrine applies only to issues that were actually decided, rather than all questions in the case that might have been decided but were not. . . . If the parties did not brief the issue on appeal, however, then it was not before the appellate court and was not decided.

(Doc. 248-1 at 9 (citations and quotations omitted).) Petitioner also maintains, "Nor is an issue waived that was not briefed on appeal by the appellee in support of the district court's favorable judgment." (Doc. 248-1 at 10 (citations omitted).)

Petitioner closes by arguing (1) that his request for relief under Rule 60(b) was not untimely because Respondent has not shown prejudice; (2) that this Court is empowered to grant federal habeas relief under Claim XI-C for ineffective assistance of counsel at the penalty phase; and (3) that, "[a]t the very least, this Court should issue a certificate of appealability (COA), pursuant to 28 U.S.C. § 2253(c), to authorize an appeal of this Court's denial of habeas relief" because "petitioner has made a substantial showing of the denial of a constitutional right as a result of his meritorious Claim XI-C and is entitled to habeas relief on that claim, the procedural default of which can be and is excused for the cause and prejudice[.]" (Doc. 248-1 at 11–12.)

## 2. Respondent's Memorandum in Opposition (Doc. 252)

Respondent begins by emphasizing that Petitioner raised his claim for ineffective state corrective process in his request for rehearing en banc before the Fifth Circuit and in his petition for writ of certiorari before the Supreme Court. (Doc. 252 at 2–3.) Respondent then notes that "Judge Brady agreed to reconsider only the claim related to penalty phase ineffective assistance of counsel, if, and only if, petitioner could establish an exception by showing that post conviction counsel was also ineffective." (Doc. 252 at 3–4 (citing *Martinez v. Ryan*, 566 U.S. 1 (2012).) Judge Brady granted the Rule 59(e) motion only as to Count XI-C. His ruling was thus "left undisturbed and any claimed basis other than the *Martinez* claim was rejected, including petitioner's alternative

8

basis for challenging the penalty phase asserted herein, i.e., the alleged failure of the State's corrective process." (Doc. 252 at 4–5.) According to Respondent, the Fifth Circuit already decided the issue of cause and prejudice that Petitioner is now trying to relitigate, and, in any event, Judge Brady's original ruling is still in effect.

Turning to its argument, Respondent asserts that the Rule 59(e) motion is untimely because Petitioner "is actually complaining about Judge Brady's ruling that dismissed all claims except the penalty phase ineffectiveness claim which could only be established under *Martinez*" rather than the undersigned's denial of Petitioner's *MSJ*. (Doc. 252 at 7.) Respondent also maintains that Petitioner is simply rehashing old arguments, which is not permissible under Rule 59.

Respondent next argues that the COA should be denied because there has been no substantial showing of a denial of a constitutional right, as Petitioner is "complaining about an alternative theory that was proffered and rejected years ago." (Doc. 252 at 11.) Respondent also asserts that jurists of reason would not disagree about the Court's ruling.

### 3. Petitioner's Reply (Doc. 253)

Petitioner responds by emphasizing that Respondent did not address his argument that Judge Brady was referring in his Judgment to claims for habeas relief rather than the basis for excusing the procedural default of Claim XI-C, upon which Judge Brady granted habeas relief. Petitioner also disputes Respondent's position that Judge Brady found that the only basis for excusing the procedural default was a finding that post-conviction relief counsel was ineffective; to rebut this, Petitioner quotes the language (excerpted above) where Judge Brady said that there was "case law supporting this ineffectiveness through denial of funds theory" and that "there are questions of law and fact as to whether this theory applies in this case." (Doc. 253 at 2–3 (quoting

9

Doc. 156 at 5.) Petitioner then refers to Judge Brady's ruling granting him habeas relief on Claim XI-C, explaining:

> Because [Judge Brady] found cause and prejudice based on initial-review counsel ineffectiveness, Judge Brady had no need to decide, and did not decide, whether cause and prejudice to excuse the procedural default of Claim XI-C existed as well based on the inadequacy of the state corrective process to protect Petitioner's rights. Petitioner prevailed on his Rule 59 motion and prevailed on Claim XI-C and had nothing upon which to seek further Rule 59 relief from Judge Brady, as suggested by Respondent, and had nothing to appeal, as this Court erroneously concluded.
>
> The opinion of the Fifth Circuit on appeal by the Respondent reversed Judge Brady's ruling only with respect to cause and prejudice based upon state post-conviction counsel's ineffectiveness, concluding that counsel's performance was not deficient for failing to conduct a mitigation investigation because he "repeatedly reached out to various organizations for funding or assistance, and he was repeatedly denied," *Wessinger v. Vannoy*, 864 F.3d 387, 392 (5th Cir. 2017). As a result, cause and prejudice based upon the deficiencies in the state policies and processes in post-conviction became "newly relevant" by "the reasoning" and the "result" of the Fifth Circuit's opinion. *See, e.g., United States v. Lee*, 358 F.3d 315, 321-326 (5th Cir. 2004) (on remand, the Government successfully argued at resentencing of the appellant that the law of the case doctrine, as well as the mandate rule, did not preclude the district court's discretionary upward departure sentence where the decision of the appellate court in correcting the district court on the initial appeal made an issue arising out of the correction – the appropriateness of an upward departure, which was not imposed by the district court at the original sentencing -- "newly relevant" whether "by the reasoning or result" of the circuit court opinion), and cases cited therein. Neither Judge Brady's prior rulings nor the doctrines of the law of the case or the mandate rule prohibit this Court's ruling on the inadequacies of the state process – fully supported by the undisputed material facts – to provide the basis for cause and prejudice not reached by Judge Brady. This Court's ruling to the contrary constitutes manifest error of law and fact and a manifest injustice, and Petitioner is entitled to habeas relief and a new penalty phase trial on his meritorious Claim XI-C.

(Doc. 253 at 3–4.) Petitioner also re-urges that the denial of rehearing en banc or the denial of certiorari review "does not constitute a decision on the merits of the issues raised in the petition

and does not amount to law of the case." (Doc. 253 at 5 (citations omitted).) Again, none of Judge Brady's rulings decided the issue of cause and prejudice as argued now by Petitioner, and the Fifth Circuit did not address this either. To the contrary, this issue has been made newly relevant by the Fifth Circuit's decision.

Petitioner closes by addressing the certificate of appealability. The Court's ruling on the *MSJ* does involve a constitutional claim—ineffective assistance of counsel in violation of the Sixth Amendment—and he was substantially prejudiced by that ruling. (Doc. 253 at 6.)

### B. Applicable Law

The Court provided an extensive overview of the law of the case doctrine and mandate rule in its prior ruling. (Doc. 246 at 21–27.) That entire discussion will not be repeated here. The Court will instead only provide only the essentials.

" 'The law of the case doctrine, as formulated in this circuit, generally precludes reexamination of issues of law or fact decided on appeal, either by the district court on remand or by the appellate court itself on a subsequent appeal.' " *Alpha/Omega Ins. Servs., Inc. v. Prudential Ins. Co. of Am.*, 272 F.3d 276, 279 (5th Cir. 2001) (quoting *Todd Shipyards Corp. v. Auto Transp.*, 763 F.2d 745, 750 (5th Cir. 1985)). "As [the Fifth Circuit has] noted, it is premised 'on the salutary and sound public policy that litigation should come to an end.' " *Id.* (quoting *Terrell v. Household Goods Carriers' Bureau*, 494 F.2d 16, 19 (5th Cir. 1974) (quoting *White v. Murtha*, 377 F.2d 428, 431 (5th Cir. 1967))).

"The doctrine's reach does have its limits." *Id.* Critically, "the law of the case doctrine applies only to issues that were actually decided, rather than all questions in the case that might have been decided, but were not." *Id.* (citing *Morrow v. Dillard*, 580 F.2d 1284, 1290 (5th Cir. 1978)). "But, the issues need not have been explicitly decided; the doctrine also applies to those

11

issues decided by 'necessary implication.' " *Id.* (quoting *In re Felt*, 255 F.3d 220, 225 (5th Cir. 2001)). "In other words, even when issues have not been expressly addressed in a prior decision, if those matters were 'fully briefed to the appellate court and . . . necessary predicates to the [court's] ability to address the issue or issues specifically discussed, [those issues] are deemed to have been decided tacitly or implicitly, and their disposition is law of the case.' " *Id.* (quoting *In re Felt*, 255 F.3d at 225).

Equally important, the Fifth Circuit's "denial of a motion for panel rehearing does not amount to a decision on the merits." *Alpha/Omega Ins. Servs.*, 272 F.3d at 281 (citing *Fernandez v. Chardon*, 681 F.2d 42, 51 n.7 (1st Cir. 1982) ("[T]he denial of a petition for rehearing can have no greater precedential effect than the denial of a petition for certiorari, which is to say none."), *aff'd*, 462 U.S. 650, 103 S. Ct. 2611, 77 L. Ed. 2d 74 (1983); *Crider v. Keohane*, 526 F. Supp. 727, 728 (W.D. Ok. 1981) ("[T]he failure of the Petition for Rehearing does not imply any judgment on the merits of this issue.")). The same is true for denials of petitions for writs of certiorari. *See Pondexter v. Quarterman*, 537 F.3d 511, 523 (5th Cir. 2008) ("Our court . . . has held that such denials [of petitions for rehearing en banc and for a writ of certiorari] do not constitute a decision on the merits") (citing *Alpha/Omega Ins. Servs.*, 272 F.3d at 281)). Thus, neither of these constitute the law of the case. *Id.*

Ultimately, "[t]he law of the case doctrine . . . is an exercise of judicial discretion which 'merely expresses the practice of courts generally to refuse to reopen what has been decided,' not a limit on judicial power." *United States v. Lee*, 358 F.3d 315, 320 (5th Cir. 2004) (quoting *Messinger v. Anderson*, 225 U.S. 436, 444, 32 S. Ct. 739, 56 L.Ed. 1152 (1912); *United States v. Matthews*, 312 F.3d 652, 657 (5th Cir. 2002) ("*Matthews II*")).

"These principles apply equally to the mandate rule, 'which is but a specific application of the general doctrine of law of the case.' " *Lee*, 358 F.3d at 321 (quoting *Matthews II,* 312 F.3d at 657). "Absent exceptional circumstances, the mandate rule compels compliance on remand with the dictates of a superior court and forecloses relitigation of issues expressly or impliedly decided by the appellate court." *Id.* (citing *United States v. Bell,* 988 F.2d 247, 251 (1st Cir. 1993)). "Moreover, the rule bars litigation of issues decided by the district court but foregone on appeal or otherwise waived, for example because they were not raised in the district court." *Id.* (citing *Bell*, 988 F.2d at 250). "Accordingly, a lower court on remand must implement both the letter and the spirit of the appellate court's mandate and may not disregard the explicit directives of that court." *Id.* (cleaned up). "In implementing the mandate, the district court must 'tak[e] into account the appellate court's opinion and the circumstances it embraces.' " *Id.* (quoting *Sobley v. So. Nat. Gas Co.,* 302 F.3d 325, 333 (5th Cir. 2002) (citing *Tollett v. City of Kemah,* 285 F.3d 357, 364 (5th Cir. 2002) (internal citation omitted))). To determine whether this Court can, on remand, address the issues currently before it, "this court must determine the scope of [the Fifth Circuit] mandate in [its] opinion" reversing Judge Brady's granting of the petition for writ of habeas corpus. *Lee*, 358 F.3d at 321 (citing *Matthews II,* 312 F.3d at 658; *Moore v. Anderson,* 222 F.3d 280, 283 (7th Cir. 2000) (stating that a "careful reading of the reviewing court's opinion" is required "[t]o determine what issues were actually decided by the mandate")).

Critical to the Court's prior ruling, "the [mandate] rule bars litigation of issues decided by the district court but foregone on appeal or otherwise waived, for example because they were not raised in the district court." *Lee*, 358 F.3d at 321 (citing *Bell*, 988 F.2d at 250). "Accordingly, a district court cannot 'reconsider its own rulings made before appeal and not raised on appeal.' " *United States v. Bazemore*, 839 F.3d 379, 385 (5th Cir. 2016) (per curiam) (quoting 18B Charles

Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 4478.3 (2d ed. 2016)). That is, "[o]n remand, the only issues properly before the district court were those that arose from the remand." *United States v. Griffith*, 522 F.3d 607, 610 (5th Cir. 2008) (citing *Lee*, 358 F.3d at 323). " 'All other issues not arising out of this court's ruling and not raised in the appeals court, *which could have been brought in the original appeal*, are not proper for reconsideration by the district court below.' " *Id.* (quoting *Lee*, 358 F.3d at 323 (emphasis in *Lee*)).

Finally, and similarly, the rule that parties waive those issues that are not briefed is "construe[d] . . . more leniently when the party who fails to brief an issue is the appellee." *United States v. Luna*, 264 F.3d 1142, 2001 WL 822784, at *3 (5th Cir. 2001) (per curiam). "As a general rule, the appellee is entitled to rely on the favorable ruling of the court from which the appeal has been taken; appellees 'do not select the issues to be appealed [,] . . . [and] are at a procedural disadvantage in appeals because they can neither file reply briefs nor choose when to appeal.' " *Id.* (citing *Laitram Corp. v. NEC Corp.*, 115 F.3d 947, 954 (Fed. Cir. 1997)). "Moreover, two of the major policy underpinnings of the rule that the-issues-not-briefed-are-waived, i.e., ' "avoiding piecemeal litigation and conserv[ing] judicial resources . . . are less implicated when the party against whom waiver is asserted is the appellee." ' " *Id.* (quoting *Shell Offshore, Inc. v. Dir., Office of Worker's Comp. Programs*, 122 F.3d 312, 317 (5th Cir. 1997) (quoting *Laitram*, 115 F.3d at 954)). Thus, " '[t]he failure of an *appellee* to have raised all possible alternative grounds for affirming the district court's original decision, unlike an appellant's failure to raise all possible grounds for reversal, *should not operate as a waiver*.' " *Thayer v. Chiczewski*, 705 F.3d 237, 247 (7th Cir. 2012) (quoting *Transamerica Ins. Co. v. South*, 125 F.3d 392, 399 (7th Cir. 1997) (emphasis in *Transamerica*) (quoting *Schering Corp. v. Ill. Antibiotics Co.*, 89 F.3d 357, 358 (7th Cir. 1996))).

### C. Analysis

Having carefully considered the matter, the Court finds that it manifestly erred in denying the *MSJ* on the sole issue of the mandate rule. As Petitioner argues, when Judge Brady said in the Judgment that "All other claims are denied" (Doc. 217 at 1), he was referring to all claims for federal habeas relief other than Claim XI-C (the one he found meritorious). Judge Brady was *not* rejecting one particular means of excusing the procedural bar to Claim XI-C—i.e., the ineffective state process theory. Indeed, Judge Brady found "questions of law and fact as to whether this theory applies in this case" (Doc. 156 at 5), and he never ultimately decided the merits of this theory.

This is critical for two reasons. First, "the law of the case doctrine applies only to issues that were actually decided, rather than all questions in the case that might have been decided, but were not." *Alpha/Omega Ins. Servs.*, 272 F.3d at 279 (citation omitted). Thus, if Judge Brady and the Fifth Circuit never decided the state process theory (and they did not (*see* Doc. 216; Doc. 230 at 7, 10–11)), then the law of the case doctrine can be no bar to Petitioner pursuing it now.

Second, this Court based its prior ruling that the mandate rule barred the *MSJ* on the point of law that " '[a]ll other issues not arising out of this court's ruling and not raised in the appeals court, *which could have been brought in the original appeal*, are not proper for reconsideration by the district court below.' " *Griffith*, 522 F.3d at 610 (quoting *Lee*, 358 F.3d at 323 (emphasis in *Lee*)). But, as Petitioner argues, he could not have brought this issue in his original appeal because Judge Brady never ruled on it. Thus, the mandate rule also does not bar Petitioner from pursuing the ineffective state process theory at this time.

Other reasons also compel this Court to conclude that its prior ruling was mistaken. The Petitioner was the appellee after Judge Brady's ruling granting habeas relief, and, as established

15

above, " '[t]he failure of an *appellee* to have raised all possible alternative grounds for affirming the district court's original decision, unlike an appellant's failure to raise all possible grounds for reversal, *should not operate as a waiver*.' " *Thayer*, 705 F.3d at 247 (citations omitted); *see also Luna*, 2001 WL 822784, at *3. Further, contrary to Respondent's position, the fact that Petitioner unsuccessfully asserted this theory in his request for en banc review and petition for writ of certiorari is irrelevant, as these do not constitute decisions on the merits and are thus not the law of the case. *Pondexter*, 537 F.3d at 523; *Alpha/Omega Ins. Servs.*, 272 F.3d at 281. In short, this Court manifestly erred in finding the Petitioner's claim foreclosed by the mandate rule.

The Court agrees with Petitioner that *Lee* is analogous. In *Lee,* the Fifth Circuit found that a mandate did not "prohibit[] the district court from reconsidering and imposing a discretionary upward departure[.]" 358 F.3d at 320. The appellate court based this reasoning on the fact that the "district court reconsidered an unappealed sentencing issue-a discretionary upward departure- that could *not* have been raised in the initial appeal." *Id.* at 323 (emphasis in original). Further, the issue was not waived; "the record in this case amply justifies the government's earlier silence quite simply because the enhancement at issue was not appealable in the initial appeal." *Id.* at 324. "[O]ur mandate rule does not require that a party raise unappealable sentencing issues in anticipation of every possible contingency that may make such issues germane at a later stage of the proceedings." *Id*. Lastly, the issue "arose out of the correction of the sentence [ordered by the Fifth Circuit]," *id.* at 320 n.3, which is to say it was "made newly relevant by the court of appeal's decision-whether by the reasoning or the result," *id.* at 326 (alterations, quotations, and citations omitted).

Similarly, the Court finds that Petitioner was "amply justifie[d]" in his "earlier silence" about the inadequate state process theory and that this issue was "not appealable in the initial

appeal." *Id.* at 324. Further, Petitioner was not required to raise "every possible contingency" on appeal, particularly since, again, he was the appellee. *Id.* Lastly, the inadequate state process theory was certainly made "newly relevant" by the Fifth Circuit decision, which did not directly rule on the issue. *Id.* at 326; *see also* Fifth Circuit Doc. 230 at 7 ("The State raises several arguments on appeal. Because we conclude that the district court erroneously determined that Gisleson's initial-review representation of Wessinger was deficient, we address only that argument.").[2] All of this demonstrates that this Court manifestly erred in denying the MSJ on the mandate theory.

The Court also rejects Respondent's arguments. Petitioner is not "actually complaining about Judge Brady's" rulings (Doc. 252 at 7); he is complaining about this Court's ruling on the *MSJ*. Thus, Petitioner's motion is timely. Further, Petitioner is not simply rehashing old arguments, and, even if he were, it would not stop this Court from correcting its manifestly erroneous decision.

For all these reasons, the Court will grant Petitioner's motion in part and grant Petitioner relief from its earlier decision. Because the Court based its ruling solely on the mandate issue, it never reached the merits of the inadequate state process theory and whether that excused the procedural default for Claim XI-C. As a result, Petitioner may refile an amended *MSJ*—or otherwise seek relief with respect to the inadequate state process theory—and the Court will take

---

[2] To the extent that the Fifth Circuit did address a lack of funding, it arguably did so favorably to Petitioner; speaking of Gisleson's performance, the appellate court said:

> That Wessinger did not present evidentiary support of his claim to the state postconviction court is not attributable to Gisleson's inexperience or any particular error, but rather to the state post-conviction court's decisions to deny a hearing, discovery, and funds—decisions which are entitled to deference and which Wessinger does not challenge before this court.

(Doc. 230 at 10–11.) At the very least, this is all the more reason why the inadequate state process theory was "newly relevant" by the Fifth Circuit's decision.

17

up the issue (either on the papers or at an evidentiary hearing). If the Court finds that this theory does excuse the default, then it is highly likely that this Court will reinstate Judge Brady's decision granting habeas relief on Claim XI-C because (1) the Fifth Circuit left this decision intact; (2) the issue was fully litigated already in this case before Judge Brady; and (3) the Court agrees with Judge Brady's reasoning.

## IV. Conclusion

Accordingly,

**IT IS ORDERED** that the *Petitioner's Motion to Alter or Amend Judgment Denying Petitioner's* Motion for Summary Judgment, or, in the Alternative, for an Evidentiary Hearing on Cause and Prejudice, or, in the Alternative, for Relief from Judgment, *or, in the Alternative, to Grant Petitioner Habeas Relief on Claim XI-C* (Doc. 248) is **GRANTED IN PART and DENIED IN PART**, as described herein.

Signed in Baton Rouge, Louisiana, on September 10, 2020.

**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**