**IN THE UNITED STATES DISTRICT COURT**

**FOR THE MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **TODD KELVIN WESSINGER,**<br>**Petitioner** | **CIVIL ACTION** |
| **VERSUS** | **NO. 3:04-637-JWD-EWD** |
| **DARREL VANNOY, Warden,**<br>**Louisiana State Penitentiary,**<br>**Angola, Louisiana,**<br>**Respondent** | |

**THE STATE'S LR 56.1 STATEMENT OF UNCONTESTED MATERIAL FACTS**

MAY IT PLEASE THE COURT:

Pursuant to this Court's June 30, 2022 Order (Doc. 290) and Local Rule 56(b)(1), Respondent Darrel Vannoy ("the State") re-submits the following Statement of Uncontested Material Facts in support of the State's Motion to Dismiss and, in the alternative, Motion for Summary Judgment (Doc. 282).

STATEMENT OF UNCONTESTED MATERIAL FACTS

1. Petitioner Todd Kelvin Wessinger killed Stephanie Guzzardo and David Breakwell, seriously injured a third person, Eric "Mike" Armentor, and tried to execute a fourth, Alvin Ricks, during a robbery of Calendar's restaurant in Baton Rouge, Louisiana on November 19, 1995. *See* Doc. 271-54 at 21-28 (testimony of Eric "Mike" Armentor, Jr.); Doc. 271-54 at 28-40 (testimony of Alvin Ricks); Doc. 271-54 at 10-13 (testimony of Eric Mercer); Doc. 271-55 at 44-46 and Doc. 271-56 at 1 (testimony of Clarence Brown); Doc. 271-61 at 9-17 (testimony of Dr. Carey Rostow); Doc. 271-61 at 34-37 and Doc. 271-62 at 1-17 (testimony of Dr. Philip Louis Cenac, Jr.).

2. After the double-murder-robbery, Wessinger gave stolen money to friends and family before fleeing to Texas. Doc. 27-155 at 32-35 (testimony of Earnest Wright); Doc. 271-56 at 10-13 (testimony of Barney Wilson); Doc. 271-56 at 20-24 (testimony of Mary Wessinger); Doc. 271-56 at 27-30 (testimony of Sherrlyn Wessinger); Doc. 271-56 at 33-35 (testimony of Tilton Brown); Doc. 271-56 at 46 and Doc. 271-57 at 1-3 (testimony of Det. Mr. Roberts).

3. At the penalty phase of Wessinger's trial, his defense team put on 17 witnesses, including numerous character witnesses, friends, family members, and two experts. Doc. 271-59 at 21-23. The presentation lasted about six hours. Doc. 271-1 at 33-34; Doc. 271-2 at 1-2.

4. When appealing his conviction and death sentences on two counts of capital first degree murder on direct review to the Louisiana Supreme Court, Wessinger, who was represented by Clive Stafford Smith, did not claim that his trial counsel was ineffective at the penalty phase of his trial. Doc. 276-2 at 138-228.

5. On March 12, 2001, Wessinger's post-conviction counsel, Soren Gisleson, filed an "Ex Parte Motion and Incorporated Memorandum on the Need for Investigative Funding in Order to File an Amended Petition for Post-Conviction Relief." Doc. 234-6 ("Motion for Funding").

6. At an April 10, 2001 hearing on Wessinger's Motion for Funding, Judge Richard Anderson stated: "One of the whole things with this case is it seems like there's a whole lot of delay and we delay it and then we come in and ask for something that could have been asked for then." Doc. 234-9 at 7.

7. At the April 10, 2001 hearing, Judge Anderson gave Wessinger's counsel more time to seek funding and set another hearing on the motion for April 24, 2001. Doc. 234-9 at 31.

8. At the April 24, 2001 hearing, Judge Anderson expressed frustration with the lack of specificity in Wessinger's request for funding, saying "you don't know what experts you need, how much they'll cost you or why you need them." Doc. 234-12 at 5.

9. Following oral argument at the April 24, 2001 hearing, Judge Anderson denied Wessinger's Motion for Funding on the merits, concluding: "I don't believe the defense has met th[e] standard yet." Doc. 234-12 at 14.

10. On May 9, 2001, Wessinger filed a writ with the Louisiana Supreme Court challenging the state district court's ruling denying his Motion for Funding. Doc. 158-1 at 127-61.

11. On May 23, 2001, the Louisiana Supreme Court denied Wessinger's writ seeking to reverse the district court's denial of his Motion for Funding. Doc. 158-1 at 162.

12. In his First Amended Petition for Post-Conviction Relief filed in state court, Wessinger argued for the first time that his trial counsel was ineffective at the penalty phase for, *inter alia*, failing to conduct a sufficient mitigation investigation. Doc. 276-3 at 275-81.

13. In August 2003, Wessinger filed a Second Amended Petition for Post-Conviction Relief, expanding on his "*Wiggins*"claim, which alleged that his trial counsel was ineffective at the penalty phase of his trial. Doc. 276-3 at 432-447.

14. In September 2003, the state district court denied Wessinger's *Wiggins* claim on the merits. Doc. 276-3 at 345.

15. Wessinger filed his first federal habeas petition on September 7, 2004. Doc. 1.

16. Wessinger's first federal habeas petition included the same *Wiggins* claim he raised in state court. Doc. 1 at 40-49; Doc. 278-3 at 7-8, ¶ 7.

17. Wessinger never argued that his *Wiggins* claim was unexhausted until after Judge Brady signed a judgment dismissing his habeas case in March 2012. Doc. 141.

18. Wessinger first raised his ineffective state corrective process argument in a memorandum in support of a Rule 59(e) motion in April 2012, after Judge Brady had signed the judgment dismissing this case and denying all of Wessinger's habeas claims, even though Wessinger could have raised this argument years earlier. Doc. 141 at 22-24.

19. Wessinger did not attempt to advance his ineffective state corrective process argument again until after the Fifth Circuit reversed Judge Brady's grant of habeas relief, even though Wessinger had numerous opportunities to press the argument in the interim. *See* Doc. 234.

RESPECTFULLY SUBMITTED,

HILLAR C. MOORE, III
DISTRICT ATTORNEY, 19TH JDC

JOHN W. SINQUEFIELD, #12107
SPECIAL ASSISTANT ATTORNEY GENERAL
/s/ BEN WALLACE, #39516
ASSISTANT SOLICITOR GENERAL
Louisiana Department of Justice
Office of Attorney General Jeff Landry
1885 North Third Street
Baton Rouge, LA 70802
Telephone: (225) 326-6259
Email: WallaceB@ag.louisiana.gov

CRISTOPHER J.M. CASLER, #29549
ASSISTANT DISTRICT ATTORNEY
Nineteenth Judicial District
Parish of East Baton Rouge
State of Louisiana
222 St. Louis Street, 5th Floor
Baton Rouge, LA 70802
Telephone: (225) 389-3453
Email: cris.casler@ebrda.org

*Counsel for Respondent ("The State")*