UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **TODD KELVIN WESSINGER** | **CIVIL ACTION** |
| **VERSUS** | **NO. 04-637-JWD-EWD** |
| **BURL CAIN, et al.** | |

# ORDER

As required by the Court's prior Order (R. Doc. 311), Respondent has timely filed a Motion to Lift the Stay (R. Doc. 312). Because the Supreme Court denied the petition for writ of certiorari in *Crawford v. Cain*, -- S. Ct. -- , 2025 WL 1549783 (2025),

**IT IS ORDERED** that the Motion to Lift the Stay (R. Doc. 312) is **GRANTED**. The stay is **LIFTED** and the Clerk of Court is directed to **REOPEN** this litigation. With the stay finally lifted, the Court turns to the only Motion still pending before it—Respondent's Motion for Reconsideration (R. Doc. 302).

In early 2023, Respondent moved for reconsideration (R. Doc. 302) of the Court's Judgment granting habeas relief to Petitioner, Todd Wessinger (R. Doc. 298). The Motion for Reconsideration was based on a then-recent panel opinion issued by the Fifth Circuit—*Crawford v. Cain*, 55 F.4th 981, 995 (5th Cir. 2022). According to Respondent, *Crawford* "created a brand new 'colorable-claim-of-factual-innocence requirement' that 'a state prisoner' must show 'in his federal habeas petition' before a court can grant habeas relief." (R. Doc. 302-1 at 16) (quoting *Crawford*, 55 F.4th at 995). But the panel opinion in Crawford was withdrawn, vacated, and eventually scheduled for rehearing *en banc*. *See Rubio v. Lumpkin*, 729 F. Supp. 3d 616, 684 (S.D. Tex. 2024) (the panel decision in *Crawford* "has no authoritative weight due to its vacated

status . . . ."). At Respondent's urging, the Court stayed this litigation and held the Motion for Reconsideration "in abeyance . . . pending resolution of the *Crawford* en banc proceedings." (R. Doc. 310 at 3) ("The outcome of those proceeding will determine whether *Crawford's* 'colorable-claim-of-innocence requirement' remains the law in the Fifth Circuit."). *Crawford* has now "reached the end of its appellate road" (R. Doc. 310 at 3). *See Crawford v. Cain*, -- S. Ct. -- , 2025 WL 1549783 (2025) (denying petition for writ of certiorari).

Critically, the *en banc* Fifth Circuit abandoned—without discussion—the *Crawford* panel's imposition of a categorical factual-innocence requirement. *Crawford v. Cain*, 122 F.4th 158, 160 (5th Cir. 2024). Instead, the Fifth Circuit chose to affirm the lower court's denial of habeas relief on narrower and more technical grounds. *Id.* at 160-62. Because the *en banc* opinion in *Crawford* completely dispenses with any factual innocence requirement—the entire basis on which Respondent sought reconsideration,

**IT IS ORDERED** that Respondent's Motion for Reconsideration is **DENIED** and this matter is **REMANDED** to the 19th Judicial District Court for a new penalty phase trial not inconsistent with this Court's December 20, 2022 Ruling (R. Doc. 299) and Judgment (R. Doc. 300).

Signed in Baton Rouge, Louisiana, on June 20, 2025.

**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**